1  Eric D. Houser, Esq. (SBN 130079)
2  Jeffrey S. Allison, Esq, of Counsel (SBN 173620)
   HOUSER LLP
3  9970 Research Drive
4  Irvine, California 92618
   Telephone: (949) 679-1111
5  Facsimile: (949) 679-1112
6  E-Mail: jallison@houser-law.com

7  Attorneys for Defendants PHH MORTGAGE CORPORATION dba PHH
8  MORTGAGE SERVICES and NEWREZ, LLC

9  **UNITED STATES DISTRICT COURT**

10 **EASTERN DISTRICT OF CALIFORNIA**

11

12 ANGEL JIMINIAN  AND          | Case No.: 1:25-CV-00885-JLT-SKO
   MERCEDES JIMINIAN,
13                               | HON. JENNIFER L. THURSTON
14          Plaintiff,
                                 | **NOTICE OF MOTION AND
15 v.                            | MOTION TO DISMISS;
                                 | MEMORANDUM OF POINTS
16                               | AND AUTHORITIES**
   PHH MORTGAGE SERVICES;
17 NEWREZ LLC; and DOES 1-10,    | Date:    November 20, 2025
   Inclusive,                    | Time:    9:00 a.m.
18                               | Ctrm:   4
19          Defendants.
20

21     **TO THE COURT, AND PLAINTIFF:**

22     **PLEASE TAKE NOTICE** that on November 20, 2025 at 9:00 a.m., or as

23 soon thereafter as counsel may be heard, in Courtroom 4 of the above-captioned

24 Court, located at 2500 Tulare Street, Fresno, California 93721, Defendants PHH

25 MORTGAGE CORPORATION dba PHH MORTGAGE SERVICES and

26 NEWREZ, LLC ("Defendants" or collectively "PHH"), will and hereby does,

27 move to dismiss with prejudice the Complaint filed by Plaintiffs ANGEL and

28 MERCEDES JIMINIAN ("Plaintiffs").

In its Order Setting Mandatory Scheduling Conference dated July 21, 2025 (ECF Doc 2), the Court ordered as follows;

> The Court is unable to conduct a scheduling conference until the defendant(s) has/have been served with the summons and complaint. Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims. Plaintiff(s) shall promptly file proofs of service of the summons and complaint so the Court has a record of service. Counsel are referred to Fed.R.Civ.P., Rule 4, regarding the requirement of timely service of the complaint. Failure to timely serve summons and complaint may result in the imposition of sanctions, including dismissal of unserved defendants.

It appears that Defendants have yet to receive formal service of process.

This motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief may be granted against PHH because (1) Plaintiff lacks standing, and (2) each of the claims fails to plead facts sufficient to state a claim.

This motion is exempt from the pre-filing conference requirement because Plaintiffs are not an attorney.  See, Local Rules 7-3 and 16-12(c).

This motion is based on this Notice and Motion, the attached Memorandum of Points and Authorities in support, and any matters that may or must be judicially noticed pursuant to request or otherwise, the pleadings and records on file in this action, and any further evidence, arguments, or authorities presented at or before the hearing of this Motion.


Dated: October 14, 2025          **HOUSER LLP**


                                 _/s/ Jeffrey S. Allison_
                                 Jeffrey S. Allison, Esq.
                                 Attorneys for Defendants, PHH
                                 MORTGAGE CORPORATION dba PHH
                                 MORTGAGE SERVICES and NEWREZ,
                                 LLC

## **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................... 1

II.     PRO PER PLAINTIFF ANGEL CANNOT REPRESENT HIS WIFE
        MERCEDES AND THE COMPLAINT THUS FAILS ................................. 1

III.    PLAINTIFF'S FIRST CLAIM FOR AN ALLEGED VIOLATION OF
        CIVIL CODE § 2923.5 FAILS ........................................................... 2

IV.     PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF CIVL CODE
        § 2924.11 FAILS ............................................................................. 4

V.      PLAINTIFFS' THIRD CLAIM FOR VIOLATION OF CIVIL CODE
        § 2924.9 FAILS ............................................................................... 5

VI.     PLAINTIFFS' FOURTH CLAIM FOR VIOLATION OF CIVIL CODE
        § 2923.17 SHOULD BE DISMISSED ................................................. 6

VII.    PLAINTIFFS' FIFTH CLAIM FOR UNFAIR COMPETITION FAILS ...... 6

VIII.   PLAINTIFFS' SIXTH CLAIM FOR WRONGFUL FORECLOSURE
        FAILS .............................................................................................. 8

IX.     THE SEVENTH CLAIM FOR DECLARATORY RELIEF FAILS
        BECAUSE IT IS DUPLICATIVE AND UNNECESSARY ......................... 9

X.      THE EIGHTH CONCLUSORY CLAIM FOR INJUNCTIVE RELIEF
        FAILS ............................................................................................ 10

XI.     PLAINTIFFS NINTH CLAIM LABELLED BREACH OF CONTRACT
        (Insurance Coverage) FAILS ........................................................ 12

XII.    PLAINTIFFS' TENTH CLAIM FOR BREACH OF THE IMPLIED
        COVENANT SIMILARLY FAILS ...................................................... 13

XIII.   PLAINTIFFS' ELEVENTH CLAIM FOR NEGLIGENCE FAILS ........... 14

XIV.    PLAINTIFFS' TWELFTH CLAIM FOR "FRAUDULENT
        REPRESENTATION" ALSO FAILS .................................................. 15

XV.     CONCLUSION ............................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Abdallah v. United Savings Bank</u>, 43 Cal. App. 4th 1101, 51 Cal.Rptr.2d 286 (Cal. App. 1 Dist. 1996) ................................................................................................9

<u>Akopian v. JPMorgan Chase Bank, N.A.</u>, No. CV 14-05760-RGK (PLAx), 2014 WL 12591623 (C.D. Cal. Sept. 24, 2014)..........................................................14

<u>Alliant Ins. Services, Inc. v. Gaddy</u>, 159 Cal.App.4th 1292,  72 Cal.Rptr.3d 259 (Cal. App. 3 Dist. 2008) ......................................................................................11

<u>Arnold Management Corp. v. Eischen</u>, 158 Cal.App.3d 575, 205 Cal.Rptr. 15 (Cal. App. 2 Dist. 1984) .......................................................................................9

<u>Bank of the West v. Superior Court</u>, 2 Cal.4th 1254, 10 Cal.Rptr.2d 538 (1992)....7

<u>Bolanos v. Commissioner of Internal Revenue</u>, No. 2:15-MC-00129-GEB-CKD, 2016 WL 4765112 (E.D. Cal., Sept. 12, 2016) .......................................................1

<u>Butt v. State of California</u>, 4 Cal.4th 668, 15 Cal.Rptr.2d 480 (1992) ..................11

<u>Cabanilla v. Wachovia Mortg.</u>, No. 12-0228, 2012 U.S. Dist. LEXIS 39270 (C.D. Cal. March 20, 2012) ...........................................................................................3

<u>California Insurance Guarantee Assoc. v. Superior Court</u>, 231 Cal.App.3d 1617, 283 Cal.Rptr. 104 (Cal. App. 2 Dist. 1991) ........................................................10

<u>Cardenas v. Caliber Home Loans, Inc.</u>, 281 F. Supp. 3d 862 (N.D. Cal. 2017)...5, 6

<u>Careau & Co. v. Security Pacific Business Credit, Inc.</u>, 222 Cal.App.3d 1371, 272 Cal.Rptr. 387 (Cal. App. 2 Dist. 1990) ........................................................12, 13

<u>Choice-in-Education League v. Los Angeles Unified School Dist.</u>, 17 Cal.App.4th 415, 21 Cal.Rptr.2d 303 (Cal. App. 2 Dist. 1993) ..............................................11

<u>Cicone v. U.R.S. Corp.</u>, 183 Cal.App.3d 194, 227 Cal.Rptr. 887 (Cal. App. 5 Dist. 1986)...................................................................................................................15

<u>Citizens for Better Streets v. Board of Sup 'rs of City and County of San Francisco</u>, 117 Cal.App.4th 1, 11 Cal.Rptr.3d 349 (Cal. App. 1 Dist. 2004) .......................11

<u>Cornejo v. JPMorgan Chase Bank</u>, 2011 WL 6149246 (C.D. Cal. Dec. 12, 2011) 15

Cornejo v. Ocwen Loan Servicing, LLC, 151 F.Supp. 3d 1102 (E.D. Cal. 2015) ...5

Daro v. Superior Ct., 151 Cal.App.4th 1079, 61 Cal.Rptr.3d 716 (Cal.App. 1 Dist. 2007)............................................................................................................7

Davenport v. Litton Loan Servicing, LP, 725 F.Supp.2d 862 (N.D.Cal.2010) ........2

Desaigoudar v. Meyercord, 223 F.3d 1020 (9th Cir. 2000) ....................................15

Diaz v. Wells Fargo Bank, N.A., No. 13-04915, 2013 WL 6172648 (N.D. Cal. 2013)............................................................................................................3

Durell v. Sharp Healthcare, 183 Cal.App.4th 1350, 108 Cal.Rptr.3d 682 (Cal. App. 4 Dist. 2010)....................................................................................12

Edwards v. Marin Park, Inc., 356 F.3d 1058 (9th Cir.2004)...................................15

Engalla v. Permanente Medical Group, Inc., 15 Cal.4th 951, 64 Cal.Rptr.2d 843 (1997) ........................................................................................................15

Fleishman v. Superior Court (2002) 102 Cal.App.4th 350, 125 Cal. Rptr. 2d 383 (Cal. App. 2 Dist. 2002) ...........................................................................10

FPCI Re-Hab 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 255 Cal.Rptr 157 (Cal. App. 2 Dist. 1989) .......................................................................9

Gafcon, Inc. v. Ponsor & Associates, 98 Cal.App.4th 1388 (Cal. App. 4 Dist. 2002) ......................................................................................................................9

Gayman v. Wells Fargo Bank, N.A., No. CV169203DMGPJWX, 2017 WL 8131989 (C.D. Cal. Feb. 10, 2017)...............................................................2

General of America Ins. Co. v. Lilly, 258 Cal.App.2d 465, 65 Cal.Rptr. 750 (Cal.App. 2 Dist. 1968) ...........................................................................10

Guz v. Bechtel Nat'l, Inc., 24 Cal.4th 317, 100 Cal.Rptr.2d 352 (2000)...............13

Hall v. Time Inc., 158 Cal.App.4th 847, 70 Cal.Rtpr.3d 466 (Cal. App. 4 Dist 2008)............................................................................................................8

Hood v. Superior Court, 33 Cal.App.4th 319, 39 CalRptr.2d 296 (Cal. App. 2 Dist.1995) ....................................................................................................10

Hunt v. Superior Court, 21 Cal.4th 984, 90 Cal.Rptr.2d 236  (1999) .....................11

<u>Ingels v. Westwood One Broad-Casting Services, Inc.</u>, 129 Cal.App.4th 1050, 28
  Cal.Rptr.3d 933 (Cal.App. 2 Dist. 2005) ................................................................6

<u>Juarez v. Wells Fargo Bank, N.A.</u>, No. 09-3104, 2009 U.S. Dist. LEXIS 110892
  (C.D. Cal. Nov. 11, 2009) ......................................................................................3

<u>Kamp v. Aurora Loan Servs.</u>, No. 09-0844, 2009 U.S. Dist. LEXIS 95245 (C.D.
  Cal. Oct. 1, 2009) ...................................................................................................3

<u>Karlsen v. American Savings & Loan Association</u>, 15 Cal.App.3d 112, 92
  Cal.Rptr. 851 (Cal. App. 2 Dist. 1971) ..................................................................9

<u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal.4th 1134, 131 Cal.Rptr.2d 29
  (2003) ......................................................................................................................7

<u>Krantz v. BT Visual Images</u>, 89 Cal.App.4th 164, 107 Cal.Rptr.2d 209 (Cal.App. 1
  Dist. 2001) ..............................................................................................................6

<u>Kwikset Corp. v. Superior Ct.</u>, 41 Cal.4th 310 (2011)..............................................7

<u>Lazar v. Superior Court</u>, 12 Cal.4th 631, 49 Cal.Rptr.2d 377 (1996) ....................16

<u>Lona v. Citibank, N.A.</u> (2011) 202 Cal.App.4th 89 ..................................................8

<u>Lortz v. Connell</u>, 273 Cal.App.2d 286, 78 Cal.Rptr. 6 (Cal. App. 1 Dist. 1969)....12

<u>Lueras v. BAC Home Loans Serv., LP</u>, 221 Cal.App.4th 49, 163 Cal.Rptr.3d 804
  (Cal.App. 4 Dist. 2013) ...................................................................................7, 14

<u>Mabry v. Superior Court</u>, 185 Cal.App.4th 208, 110 Cal.Rptr.3d 201 (Cal. App. 4
  Dist. 2010) .........................................................................................................2, 3

<u>MacDonald v. Ford Motor Co.</u>, 37 F.Supp.3d 1087 (N.D. Cal. 2014) ......................6

<u>Mangini v. Aerojet-General Corp.</u>, 230 Cal.App.3d 1125, 281 Cal.Rptr. 827
  (Cal.App. 3 Dist. 1991) ..........................................................................................7

<u>Munger v. Moore</u>, 11 Cal.App.3d 1, 89 Cal.Rptr. 323 89 (Cal. App. 1 Dist. 1970).9

<u>Nguyen v. Bank of Am. Nat. Ass'n</u>, No. 11-CV-03318-LHK, 2011 WL 5574917
  (N.D. Cal. Nov. 15, 2011), <u>aff'd sub nom</u>. <u>Nguyen v. Bank of Am., NA</u>, 563 F.
  App'x 558 (9th Cir. 2014) .......................................................................................4

<u>Nymark v. Heart Fed. Sav. & Loan Ass'n,</u> 231 Cal.App.3d 1089, 283 Cal.Rptr. 53 (Cal. App. 3 Dist. 1991) ................................................................................................14

<u>Oaks Mgmt. Corp. v. Superior Court</u>, 145 Cal.App.4th 453, 51 Cal.Rptr.3d 561 (Cal. App. 4 Dist. 2006) ................................................................................................15

<u>Otay Land Co. v. Royal Indem. Co.</u>, 169 Cal.App.4th 556, 86 Cal.Rptr.3d 408 (Cal. App. 4 Dist. 2008) ................................................................................................10

<u>Pry Corp. v. Leach</u>, 177 Cal.App.2d 632, 2 Cal.Rptr. 425 (Cal. App. 2 Dist. 1960) ................................................................................................................................12

<u>Rockridge Tr. v. Wells Fargo, N.A.</u>, 985 F.Supp.2d 1110 (N.D. Cal. 2013) ...........8

<u>Rosal v. First Federal Bank of California</u>, 671 F.Supp.2d 1111 (N.D. Cal. 2009)...6

<u>Schmidt v. Citibank, N.A.</u>, 28 Cal.App.5th 1109, 239 Cal.Rptr.3d 648 (Cal. App. 4 Dist. 2018) ..........................................................................................................2

<u>Sheen v. Wells Fargo Bank, N.A.</u>, 12 Cal.5th 905, 290 Cal.Rptr.3d 894 (2022), <i>reh'g denied</i> (June 1, 2022) ......................................................................................15

<u>Swartz v. KPMG LLP</u>, 476 F.3d 756 (9th Cir. 2007) .............................................15

<u>Tarmann v. State Farm Mutual Automobile Insurance Company</u>, 2 Cal.App.4th 153, 2 Cal.Rptr.2d 861 (Cal. App. 6 Dist. 1991) ...................................................16

<u>Tasaranta v. Homecomings Fin.</u>, No. 09-CV-01722-H (WMC), 2009 WL 3088335 (S.D. Cal. Sept. 21, 2009) ......................................................................................14

<u>The Forty-Niner Lease v. Dept. of Transportation</u>, No. CV-F-07-406 OWW/WMW, 2007 WL 1411631 (E.D. Cal., May 11, 2007).............................1

<u>Trepany v. Deutsche Bank Nat'l Tr. Co.</u>, No. CV 15-00965-AB (EX), 2015 WL 12732429 (C.D. Cal. Sept. 22, 2015)......................................................................4

<u>United States Cold Storage v. Great Western Savings & Loan Association</u>, 165 Cal.App.3d 1214, 212 Cal.Rptr. 232 (Cal. App. 1 Dist.1985)..............................9

<u>Valbuena v. Ocwen Loan Servicing, LLC</u>, 237 Cal.App.4th 1267, 188 Cal.Rptr.3d 668 (Cal. App. 2 Dist. 2015) ..................................................................................2

<u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097 (9th Cir. 2003) .............................15

Warren v. Kaiser Foundation Health Plan, Inc., 47 Cal.App.3d 678, 21 Cal.Rptr. 19

  (Cal.App. 2 Dist. 1975) ...................................................................................... 10

Williams v. WMX Technologies, Inc. 112 F.3d 175 (5th Cir. 1997) ...................... 15

**Statutes**

Bus. & Prof. Code § 17200 ........................................................................................ 6

Bus. & Prof. Code § 17203 ........................................................................................ 8

Bus. & Prof. Code § 17204 ........................................................................................ 8

Civil Code § 2923.5 ................................................................................................... 2

Civil Code § 2923.55 .............................................................................................. 2, 3

Civil Code § 2924.11(b) ............................................................................................ 4

Civil Code § 2924.17 ................................................................................................. 6

Civil Code § 2924.9 ................................................................................................... 5

Code Civ. Proc. § 1060 ............................................................................................. 10

Code Civ. Proc. § 526 ............................................................................................... 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The non-attorney in pro per Plaintiffs are represented only by the husband who lists only his name at the top of the Complaint.  Plaintiffs have attempted to allege conclusory claims that fail while at the same time admitting they are long past due on their mortgage payments to Defendants.  (Cplt. ¶ 9).  One example, Plaintiffs' breach of contract and the implied covenant claims are alleged against a non-party insurer on their insurance contract.  Defendant PHH is not alleged to be and is not an insurer.  As alleged, PHH is the servicer of Plaintiffs' defaulted mortgage loan.  For each of the reasons set forth below, the Court should grant PHH's Motion and dismiss this action without leave to amend.

### II.    PRO PER PLAINTIFF ANGEL CANNOT REPRESENT HIS WIFE MERCEDES AND THE COMPLAINT THUS FAILS

A non-attorney pro per plaintiff cannot represent his spouse in an action, so their complaint must be dismissed. Bolanos v. Commissioner of Internal Revenue, No. 2:15-MC-00129-GEB-CKD, 2016 WL 4765112, at *1 (E.D. Cal., Sept. 12, 2016) (court applied the rule that a husband cannot represent wife in his in pro per status, complaint was dismissed); The Forty-Niner Lease v. Dept. of Transportation, No. CV-F-07-406 OWW/WMW, 2007 WL 1411631, at *4 (E.D. Cal., May 11, 2007) (court dismissed complaint signed only by the husband on grounds including that non-attorney in pro per spouse plaintiffs cannot represent each other or anyone else).

Here, the Plaintiffs are Angel Jiminian and Mercedes Jiminian, both in pro per.  However, only Angel is listed at the top of the Complaint, not Mercedes.  Angel is not an attorney and neither is Mercedes.  Angel cannot represent Mercedes as a spouse or other for the allegations and claims asserted.

/ / /

/ / /

## III.    PLAINTIFF'S FIRST CLAIM FOR AN ALLEGED VIOLATION OF CIVIL CODE § 2923.5 FAILS

Plaintiffs claim that Defendant PHH violated <u>Civil Code</u> § 2923.5 because it did not contact Plaintiffs before commencing foreclosure with the recorded notice of default.  (Cpt. ¶¶ 24-25).  <u>Civil Code</u> § 2923.5 is the predecessor to section 2923.55. The relevant language is identical, and courts cite them interchangeably.  <u>See</u>, <u>Gayman v. Wells Fargo Bank, N.A.</u>, No. CV169203DMGPJWX, 2017 WL 8131989, at *5 (C.D. Cal. Feb. 10, 2017).

The purpose of Section 2923.55 is to ensure that, as part of the nonjudicial foreclosure process, borrowers have an opportunity to discuss loss mitigation options.  <u>Valbuena v. Ocwen Loan Servicing, LLC</u>, 237 Cal.App.4th 1267, 1272, 188 Cal.Rptr.3d 668, 671-72 (Cal. App. 2 Dist. 2015).  Under California law, a loan servicer satisfies the requirement to contact a defaulting borrower before proceeding with non-judicial foreclosure sale where the servicer discussed modification with the borrower, even if the servicer rejects the possibility of modification.  <u>See</u>, <u>e.g.</u>, <u>Davenport v. Litton Loan Servicing, LP</u>, 725 F.Supp.2d 862 (N.D.Cal.2010); <u>Schmidt v. Citibank, N.A.</u>, 28 Cal.App.5th 1109, 1120-21, 239 Cal.Rptr.3d 648, 656-57 (Cal. App. 4 Dist. 2018) (The terms "assess" and "explore" providing a borrower the right to be contacted to assess and explore alternatives to foreclosure prior to notice of default are to be narrowly construed in order to avoid crossing the line from state foreclosure law into federally preempted loan servicing); <u>Mabry v. Superior Court</u>, 185 Cal.App.4th 208, 232-33, 110 Cal.Rptr.3d 201, 218-19 (Cal. App. 4 Dist. 2010), *review denied* (Under the statute requiring a lender to contact the borrower to "assess" the borrower's financial situation and "explore" options to prevent foreclosure before filing a notice of default, any "assessment" must necessarily be simple.)

Here, Plaintiffs' first claim gives no details regarding a request, whether complete or not to PHH, and the responses or contacts by PHH regarding loss

1  mitigation, loan modification possibilities or otherwise.  Further, the Declaration

2  of Compliance attached to the recorded Notice of Default ("NOD") confirms that

3  Defendant complied with the requirements.  (RJN Exh 2, p.4).  Courts have held

4  that a declaration attached to a notice of default is sufficient to satisfy a

5  defendant's obligations under Civ. Code § 2923.55.  Diaz v. Wells Fargo Bank,

6  N.A., No. 13-04915, 2013 WL 6172648, at * 3-4 (N.D. Cal. 2013).  This is

7  sufficient to overcome Plaintiffs' conclusory allegations.

8         For example, section 2923.5, which requires similar notices to borrowers

9  from lenders, is satisfied by a declaration of compliance with applicable statutory

10  obligations.  See, e.g., Cabanilla v. Wachovia Mortg., No. 12-0228, 2012 U.S.

11  Dist. LEXIS 39270 at *11-12 (C.D. Cal. March 20, 2012) ("Wachovia points to

12  the declaration included in the notice of default sent to the Cabanillas as evidence

13  of their compliance.  This declaration states that "Wells Fargo Bank, N.A., has

14  contacted the borrower as set forth in California Civil Code Section 2923.5(a)(2).

15  This declaration is sufficient to establish that Wachovia has met its obligations

16  under § 2923.5."); and see, Kamp v. Aurora Loan Servs., No. 09-0844, 2009 U.S.

17  Dist. LEXIS 95245 (C.D. Cal. Oct. 1, 2009); Juarez v. Wells Fargo Bank, N.A.,

18  No. 09-3104, 2009 U.S. Dist. LEXIS 110892 (C.D. Cal. Nov. 11, 2009)

19  (dismissing § 2923.5 claim with prejudice where declaration was included with

20  the notice of default stating compliance with code section).  In each of these cases,

21  the court found the declaration submitted with the notice of default sufficient.

22         As set forth above, the NOD succinctly includes the similar provisions and

23  the Declaration of Compliance with this Section.  Plaintiffs' first claim fails on

24  these grounds. Finally, the only remedy for violation of Civil Code § 2923.55 is

25  limited to postponement of an impending foreclosure, reasoning that the law "only

26  requires a mortgage lender to discuss with homeowners options, including loan

27  modifications or payment plans, to avoid foreclosure."  See, Mabry v. Superior

28  Court, 185 Cal.App.4th 208, 214 (Cal.App. 4 Dist. 2010) ("[T]he right of action is

1  limited to obtaining a postponement of an impending foreclosure to permit the

2  lender to comply with section 2923.5."); see also, Trepany v. Deutsche Bank Nat'l

3  Tr. Co., No. CV 15-00965-AB (EX), 2015 WL 12732429, at *1 (C.D. Cal. Sept.

4  22, 2015) ("[T]he only remedy for a violation of § 2923.55 is a delay of the

5  foreclosure proceeding until the statute is complied with."); Nguyen v. Bank of

6  Am. Nat. Ass'n, No. 11-CV-03318-LHK, 2011 WL 5574917, at *8 (N.D. Cal.

7  Nov. 15, 2011), aff'd sub nom. Nguyen v. Bank of Am., NA, 563 F. App'x 558

8  (9th Cir. 2014).

9      Here, there is no alleged or actual foreclosure sale.  The foreclosure is on

10  hold and not to be completed in the interim.  Thus, the foreclosure sale has been

11  postponed and delayed.  For the above reasons, Plaintiffs' first claim should be

12  dismissed with prejudice.

13  **IV.   PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF CIVL CODE**

14       **§ 2924.11 FAILS**

15      Plaintiffs' second claim alleges that Defendants violated the Civil Code §

16  2924.11(b) by recording a Notice of Trustee's Sale on April 13, 2023 while

17  Plaintiffs purportedly submitted a "complete" loan modification application.

18  Civil Code § 2924.11(b) states:

19      If a foreclosure prevention alternative is approved in writing after

20      the recordation of a notice of default, a mortgage servicer,

    mortgagee, trustee, beneficiary, or authorized agent shall not

21      record a notice of sale or conduct a trustee's sale under either of the

    following circumstances:

22      (1) The borrower is in compliance with the terms of a written trial

23         or permanent loan modification, forbearance, or repayment

       plan.

24

25      (2) A foreclosure prevention alternative has been approved in

26         writing by all parties, including, for example, the first lien

       investor, junior lienholder, and mortgage insurer, as applicable,

27         and proof of funds or financing has been provided to the

28         servicer.

In the Complaint, no dates or details are given or an application attached, whether complete or otherwise.  There is no allegation of any approval or loan modification agreement reached.  Because there was no actual or alleged foreclosure prevention alternative approved in writing alleged, then there is no violation as a matter of law. The recorded Notice of Sale includes the recitals confirming it was proper.  (RJN Exh. 3).  Plaintiffs' second claim must be dismissed with prejudice.

## V.   PLAINTIFFS' THIRD CLAIM FOR VIOLATION OF CIVIL CODE § 2924.9 FAILS

Plaintiffs' third claim alleges that Defendants failed to provide Plaintiffs with alternatives to foreclosure pursuant to Civil Code § 2924.9.  Under Section 2924.9, a mortgage servicer is required to send the borrower a written communication containing certain information regarding foreclosure prevention alternatives upon recording a Notice of Default.

Plaintiffs' claim is limited to the one short paragraph, "Plaintiffs received no such notice from Defendants."  (Cplt. ¶ 33).  However, the recorded Notice of Default referenced contains the provisions and Declaration of Compliance confirming that there was communication with borrowers about foreclosure prevention alternatives.  (RJN Exh. 2, p. 4).

Additionally, Plaintiffs' Complaint also fails to plead a "material" violation of Section 2924.9 as required.  California courts "have interpreted the term 'material' to refer to whether the alleged violation affected a plaintiff's loan obligations or the modification process." Cornejo v. Ocwen Loan Servicing, LLC, 151 F.Supp.3d 1102, 1113 (E.D. Cal. 2015); see also, Cardenas v. Caliber Home Loans, Inc., 281 F. Supp. 3d 862, 869 (N.D. Cal. 2017).

Here, the Complaint fails to allege or explain how Defendants' alleged noncompliance with Section 2924.9 constituted a "material" violation that impaired Plaintiffs' ability to reinstate, sell the property or obtain any other

alternative to foreclosure.  <u>See</u>, <u>Cardenas</u>, 281 F. Supp. at 870.  Nowhere do Plaintiffs allege that they reinstated, obtained a modification agreement, or listed the property for sale.  There is no alleged or actual foreclosure, or financial harm to Plaintiffs even if their inadequate allegations had any merit.  Plaintiffs' section 2924.9 claim should be dismissed.

## VI.   PLAINTIFFS' FOURTH CLAIM FOR VIOLATION OF CIVIL CODE § 2923.17 SHOULD BE DISMISSED

Plaintiffs' fourth claim alleges a violation of <u>Civil Code</u> § 2924.17, which requires that foreclosure notices be reviewed for accuracy and completeness before recording.  Plaintiffs' claim is based on one short allegation, "Defendants recorded foreclosure documents containing inaccuracies and unsupported claims."  (Cplt. ¶ 37).  There is no detail or explanation given to support that conclusion.  Regardless, the Section provides for a civil penalty in an action brought by a government entity.  It does not authorize a private right of action.  Plaintiffs' fourth claim should be dismissed as a matter of law.

## VII.   PLAINTIFFS' FIFTH CLAIM FOR UNFAIR COMPETITION FAILS

Plaintiffs' fifth claim alleges a violation of <u>Bus. & Prof. Code</u> § 17200 (the "UCL").  Plaintiffs incorporate the prior vague paragraphs and allege, "Defendants' conduct constitutes unlawful, unfair, and fraudulent business practices under the Unfair Competition Law."  (Cplt. ¶ 40).  When the predicate claims fail, so too must the dependent UCL claim.  <u>See</u>, <u>Ingels v. Westwood One Broad-Casting Services, Inc.</u>, 129 Cal.App.4th 1050, 1060, 28 Cal.Rptr.3d 933, 938 (Cal.App. 2 Dist. 2005); <u>Krantz v. BT Visual Images,</u> 89 Cal.App.4th 164, 178, 107 Cal.Rptr.2d 209 (Cal.App. 1 Dist. 2001); <u>Rosal v. First Federal Bank of California</u>, 671 F.Supp.2d 1111, 1126 (N.D. Cal. 2009); <u>MacDonald v. Ford Motor Co.</u>, 37 F.Supp.3d 1087, 1097 (N.D. Cal. 2014).  Because Plaintiffs' first through fourth claims fail, so too must the UCL claim fail.

/ / /

1    Additionally, a claim under Section 17200 applies to ongoing conduct, relief

2  is not available to remedy past conduct.  <u>Mangini v. Aerojet-General Corp.</u>, 230

3  Cal.App.3d 1125, 1155-56, 281 Cal.Rptr. 827 (Cal.App. 3 Dist. 1991).  Plaintiffs'

4  Complaint seeks relief based on past conduct, i.e., that Plaintiffs stopped making

5  loan payments in June 2024, a payoff quote from PHH in March 2025, prior loss

6  mitigation or foreclosure prevention efforts and foreclosure notices, and contacts

7  leading up to the prior recorded Notice of Default.  (Cplt. ¶¶ 9-10, 12-13, 17-18,

8  19-20).

9    Further, a plaintiff must show that economic injury was caused by the unfair

10 business practice that is the gravamen of the claim.  <u>Lueras v. BAC Home Loans</u>

11 <u>Serv., LP</u>, 221 Cal.App.4th 49, 81, 163 Cal.Rptr.3d 804, 831 (Cal.App. 4 Dist.

12 2013) (citing <u>Kwikset Corp. v. Superior Ct.</u>, 41 Cal.4th 310 (2011)).  A plaintiff

13 does not have standing if he would have suffered the same harm regardless of

14 whether the defendant allegedly complied with the law.  <u>Daro v. Superior Ct.</u>, 151

15 Cal.App.4th 1079, 1098, 61 Cal.Rptr.3d 716, 728 (Cal.App. 1 Dist. 2007).

16    The claim only concludes in cursory fashion that "Plaintiffs have suffered

17 economic harm and risk losing their home due to Defendants' actions."  (Cplt. ¶

18 41).  There is nothing in the Complaint that shows any details or explanation.  If

19 Plaintiffs had not stopped making their loan payments in June 2024 by their own

20 actions, they would not be in their purported predicament.  (Cplt. ¶ 9).  There is

21 also no allegation that Plaintiffs suffered some different harm regardless of

22 whether PHH allegedly complied.

23    Moreover, Plaintiffs lack standing.  The UCL "is not an all-purpose

24 substitute for a tort or contract action."  <u>Korea Supply Co. v. Lockheed Martin</u>

25 <u>Corp.</u>, 29 Cal.4th 1134, 1150, 131 Cal.Rptr.2d 29, 42-43 (2003).  Importantly, the

26 remedies for a violation of the UCL do not include damages, but only

27 restitutionary disgorgement.  <u>See</u>, <u>Korea Supply Co.</u>, 29 Cal.4th at 1148; <u>Bank of</u>

28 <u>the West v. Superior Court</u>, 2 Cal.4th 1254, 1266, 10 Cal.Rptr.2d 538 (1992).  This

requires a plaintiff to establish that he suffered losses capable of restitution. Restitution is only possible if the action can "restore to any person any money or property, real or personal, which may have been acquired by means of such unfair competition." Bus. & Prof. Code § 17203. The injury and lost money or property must be the "result of such unfair competition." Bus. & Prof. Code § 17204; Hall v. Time Inc., 158 Cal.App.4th 847, 855, 70 Cal.Rtpr.3d 466, 471 (Cal. App. 4 Dist 2008).

Plaintiffs' Complaint alleges nothing about and does not seek restitution under this claim or in the prayer, only damages. It would be hard to imagine restitution of contractual payments due, which Plaintiffs admittedly stopped paying. (Cplt. ¶ 9). Plaintiffs' fifth UCL claim should be dismissed.

## VIII.  PLAINTIFFS' SIXTH CLAIM FOR WRONGFUL FORECLOSURE FAILS

Plaintiffs' sixth claim asserts a wrongful foreclosure based on the sole allegation, "Defendants initiated foreclosure proceedings without complying with statutory requirements, rendering the foreclosure wrongful." (Cplt. ¶ 43). The claim does not include explanations or how a foreclosure proceeding was allegedly wrongful.

Additionally, any claims challenging a foreclosure sale requires that "'(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale … was prejudiced or harmed; **and** (3) … the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.'" Rockridge Tr. v. Wells Fargo, N.A., 985 F.Supp.2d 1110, 1145 (N.D. Cal. 2013) (quoting Lona v. Citibank, N.A. (2011) 202 Cal.App.4th 89, 104. "An action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnold Management Corp. v. Eischen, 158

Cal.App.3d 575, 578, 205 Cal.Rptr. 15 (Cal. App. 2 Dist. 1984).

Indeed, the "tender rule" is long established, i.e. to maintain an action based on any claims challenging foreclosure, the borrower must first offer or pay the loan amount due.  See, Munger v. Moore, 11 Cal.App.3d 1, 5-6, 89 Cal.Rptr. 323 89 (Cal. App. 1 Dist. 1970); FPCI Re-Hab 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1022, 255 Cal.Rptr 157 (Cal. App. 2 Dist. 1989); United States Cold Storage v. Great Western Savings & Loan Association, 165 Cal.App.3d 1214, 1224-25, 212 Cal.Rptr. 232 (Cal. App. 1 Dist.1985); Arnolds Management Corp. v. Eishen, 158 Cal.App.3d 575, 577, 205 Cal.Rptr. 15 (Cal. App. 2 Dist. 1984); Karlsen v. American Savings & Loan Association, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (Cal. App. 2 Dist. 1971); Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109, 51 Cal.Rptr.2d 286 (Cal. App. 1 Dist. 1996) (a party must tender the undisputed amount due and owing to challenge the validity of the foreclosure sale).

Plaintiffs' Complaint does not and cannot include any allegation that they brought the loan current, or that they tendered the amounts due after they ceased making payments in June 2024.  (Cplt. ¶ 9; RJN Exhs. 2, 3).  Plaintiffs admit they are in default and have not tendered anything.  Plaintiffs' wrongful foreclosure claim should be dismissed.

## IX.   THE SEVENTH CLAIM FOR DECLARATORY RELIEF FAILS BECAUSE IT IS DUPLICATIVE AND UNNECESSARY

Plaintiffs' seventh claim for declaratory relief seeks a declaration merely as to the prior claims.  To wit, Plaintiffs' declaratory relief is based on the one paragraph seeking a conclusory advisory opinion, "Plaintiffs seek a judicial declaration that the foreclosure proceedings are void due to Defendants' statutory violations."  (Cplt. ¶ 47).  The claim necessarily fails with the prior claims.  Cf. Gafcon, Inc. v. Ponsor & Associates, 98 Cal.App.4th 1388, 1402-04 (Cal. App. 4 Dist. 2002).

Additionally, when the rights of the complaining party have crystallized into a cause of action for past wrongs, the court should refuse to entertain the cause of action for declaratory relief.  See, Warren v. Kaiser Foundation Health Plan, Inc., 47 Cal.App.3d 678, 683, 21 Cal.Rptr. 19 (Cal.App. 2 Dist. 1975); Otay Land Co. v. Royal Indem. Co., 169 Cal.App.4th 556, 562, 86 Cal.Rptr.3d 408, 412 (Cal. App. 4 Dist. 2008) (operates prospectively to declare future rights, not to redress a past wrong); Cal. Code Civ. Proc. § 1060.  As set forth above, the "statutory violations" alleged in Plaintiffs' declaratory relief claim are improperly based on past wrongs.

Further, the object of Section 1060 is to afford a new form of relief where needed, not to furnish a cause of action for the determination of identical issues.  See, California Insurance Guarantee Assoc. v. Superior Court, 231 Cal.App.3d 1617, 1623-24, 283 Cal.Rptr. 104 (Cal. App. 2 Dist. 1991); General of America Ins. Co. v. Lilly, 258 Cal.App.2d 465, 470, 472, 65 Cal.Rptr. 750 (Cal.App. 2 Dist. 1968).  Indeed, "[t]he declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action."  California Insurance, 231 Cal.App.3d at 1623-1624; see also, Hood v. Superior Court, 33 Cal.App.4th 319, 324, 39 CalRptr.2d 296 (Cal. App. 2 Dist.1995) (declaratory relief is unnecessary and superfluous because the issues invoked in that cause of action already were addressed by other causes of action in the underlying case).

Plaintiffs' seventh claim for declaratory relief is duplicative, unnecessary, and improper.  The claim should be dismissed.

## X.    THE EIGHTH CONCLUSORY CLAIM FOR INJUNCTIVE RELIEF FAILS

"To issue an injunction is the exercise of a delicate power, requiring great caution and sound discretion."  Fleishman v. Superior Court (2002) 102 Cal.App.4th 350, 355, 125 Cal. Rptr. 2d 383 (Cal. App. 2 Dist. 2002).  A

preliminary injunction cannot be issued if there are no viable claims alleged.  See, Cal. <u>Code of Civil Procedure</u> § 526.  The Complaint concludes only that "Plaintiffs seek a Temporary Restraining Order and Preliminary Injunction to halt the foreclosure sale pending this action," and that they "will suffer irreparable harm without such relief, including the loss of their home."  (Cplt. ¶¶ 49-50).  That's it for their eighth claim consisting only of the two paragraphs.  The preceding claims cannot be stated or viable for the reasons as set forth above.

"In deciding whether to issue a preliminary injunction, a trial court weighs two interrelated factors: the likelihood the moving party ultimately will prevail on the merits, and the relative interim harm to the parties from the issuance or non-issuance of the injunction."  <u>Hunt v. Superior Court,</u> 21 Cal.4th 984, 999, 90 Cal.Rptr.2d 236  (1999).  The court need not consider the second factor if there is insufficient evidence before the court establishing a "reasonable probability." <u>Alliant Ins. Services, Inc. v. Gaddy</u>, 159 Cal.App.4th 1292, 1300,  72 Cal.Rptr.3d 259, 266 (Cal. App. 3 Dist. 2008); <u>Choice-in-Education League v. Los Angeles Unified School Dist.</u>, 17 Cal.App.4th 415, 421-22, 21 Cal.Rptr.2d 303 (Cal. App. 2 Dist. 1993).  A court may not grant a preliminary injunction, regardless of the balance of interim harm, unless there is some possibility that the party seeking the injunction would ultimately prevail on the merits of the claims against the party for which the injunction is sought.  <u>Butt v. State of California</u>, 4 Cal.4th 668, 678, 15 Cal.Rptr.2d 480 (1992); Cal. <u>Code of Civil Procedure</u> § 526.  A party seeking a preliminary injunction bears the burden of presenting facts that show a reasonable probability that he or she will succeed on the merits.  <u>Citizens for Better Streets v. Board of Sup 'rs of City and County of San Francisco</u>, 117 Cal.App.4th 1, 6, 11 Cal.Rptr.3d 349, 352 (Cal. App. 1 Dist. 2004).

The Complaint does not allege any of that.  Plaintiffs are not without any remedy to avoid a foreclosure at some point in the future.  They can reinstate to bring the loan current, seek a new loan modification to resolve this action, and/or

at least a credit bid at any future foreclosure sale to get title free and clear of the loan. Indeed, the tender law above requires it. Notwithstanding, Defendant has not foreclosed pending this action. There is no sale scheduled for completion or imminent threat of irreparable injury. Injunctive relief is unripe. Plaintiffs' eighth claim should be dismissed.

## XI.    PLAINTIFFS NINTH CLAIM LABELLED BREACH OF CONTRACT (Insurance Coverage) FAILS

The elements for breach of contract against a defendant are: (1) the existence of an enforceable contract between the parties, (2) performance or excuse for nonperformance, (3) breach of a particular provision(s), and (4) resulting damages. Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal.App.3d 1371, 1388, 272 Cal.Rptr. 387 (Cal. App. 2 Dist. 1990). Plaintiffs must also fulfill their contractual obligations and sufficiently comply with all conditions that were required to be performed under the contract. See, Pry Corp. v. Leach, 177 Cal.App.2d 632, 639-40, 2 Cal.Rptr. 425 (Cal. App. 2 Dist. 1960); and see, Lortz v. Connell, 273 Cal.App.2d 286, 290, 78 Cal.Rptr. 6 (Cal. App. 1 Dist. 1969) (a party who first breaches a contract cannot maintain a breach of contract claim against the other.); Durell v. Sharp Healthcare, 183 Cal.App.4th 1350, 1367, 108 Cal.Rptr.3d 682, 697 (Cal. App. 4 Dist. 2010) ("one party to a contract cannot compel another to perform while he himself is in default.").

Plaintiffs' ninth claim is against an unnamed insurance company, not PHH. Plaintiffs' claim alleges only as follows:

Plaintiffs held a valid homeowner's insurance policy covering the Subject Property.

Plaintiffs submitted a claim under the policy for damages related to the Subject Property.

The insurer denied the claim without a thorough investigation, breaching the terms of the insurance contract.

1
2

As a result, Plaintiffs suffered financial harm and were unable to
address the damages, contributing to their default.

3

(Cplt. ¶¶ 52-55).

4
5
6

There is no allegation that PHH is an insurance company.  It is not.  PHH is
a loan servicer as alleged elsewhere.  There is no charging allegation.  The ninth
claim should be dismissed.

7
8

## XII.    PLAINTIFFS' TENTH CLAIM FOR BREACH OF THE IMPLIED COVENANT SIMILARLY FAILS

9
10
11
12
13
14
15
16
17
18
19
20

If the allegations regarding a breach of the implied covenant of good faith
and fair dealing do not go beyond a claim of a contract breach with the defendant
and, relying on the same alleged acts, simply seek the same damages or other
relief already claimed in a companion contract cause of action, they may be
disregarded as superfluous as no additional claim is stated.  Careau & Co. v.
Security Pacific Business Credit, Inc., 222 Cal.App.3d 1371, 1395, 272 Cal.Rptr.
387 (Cal. App. 2 Dist. 1990).  The implied covenant "exists merely to prevent one
contracting party from unfairly frustrating the other party's right to receive the
*benefits of the agreement actually made*."  Guz v. Bechtel Nat'l, Inc., 24 Cal.4th
317, 349, 100 Cal.Rptr.2d 352 (2000) (*emphasis* in original).  It cannot impose
substantive obligations beyond those specified in the agreement.  See, id. at 349-
50.

21
22
23

Plaintiffs' tenth claim is for a purported breach of the implied covenant of
good faith and fair dealing regarding a similar insurance contract with an unnamed
insurer.  Plaintiffs only allege the following three conclusory paragraphs:

24
25

The insurance policy included an implied covenant of good faith and
fair dealing.

26
27

The insurer's denial of Plaintiffs' claim without proper investigation
breached this covenant.

28

1    This breach contributed to Plaintiffs' financial hardship and
2    subsequent default.

3  (Cplt. ¶¶ 57-59)

4        Again, there is no allegation and PHH is not an insurer for any insurance

5  contract.  There is no allegation that PHH interfered with an insurance contract.

6  See, Akopian v. JPMorgan Chase Bank, N.A., No. CV 14-05760-RGK (PLAx),

7  2014 WL 12591623, at *4 (C.D. Cal. Sept. 24, 2014); Tasaranta v. Homecomings

8  Fin., No. 09-CV-01722-H (WMC), 2009 WL 3088335, at *6 (S.D. Cal. Sept. 21,

9  2009).  The law as further established is that the claim cannot impose substantive

10  allegations on PHH where there is no alleged or actual contract with PHH.  Like

11  the failed breach of an insurance contract claim, no claim is stated against PHH.

12  Plaintiffs' superfluous tenth claim should also be dismissed.

13  **XIII.  PLAINTIFFS' ELEVENTH CLAIM FOR NEGLIGENCE FAILS**

14        Plaintiffs' eleventh claim for negligence concludes three similar paragraphs

15  that PHH owes Plaintiffs' a duty of care, that PHH "breached this duty of care by

16  failing to comply with statutory requirements and by proceeding with foreclosure

17  without proper documentation," and, "As a result, Plaintiff suffered damages,

18  including the risk of losing their home."  (Cplt. ¶¶ 61-63).

19        California courts have long held that no duty of care is owed to a borrower

20  where a loan servicer's or lender's involvement in the loan transaction "does not

21  exceed the scope of its conventional role as a mere lender of money."  Nymark v.

22  Heart Fed. Sav. & Loan Ass'n, 231 Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53

23  (Cal. App. 3 Dist. 1991).

24        Courts have also explained that a loan transaction is at arm's length and that

25  "a residential lender owes [no] common law duty of care to offer, consider, or

26  approve a loan modification, or to explore and offer foreclosure alternatives."

27  Lueras v. BAC Home Loans Servicing, LP, 221 Cal.App.4th 49, 67, 163

28  Cal.Rptr.3d 804 (Cal. App. 4 Dist. 2013); and see, Oaks Mgmt. Corp. v. Superior

1  <u>Court</u>, 145 Cal.App.4th 453, 466, 51 Cal.Rptr.3d 561, 570 (Cal. App. 4 Dist.

2  2006).  In a decision involving a loan modification review, the California Supreme

3  Court, after thoroughly analyzing recent authority concerning the economic loss

4  rule, sided with <u>Lueras</u> and held that "a lender owes no tort duty sounding in

5  general negligence principles to 'process, review and respond carefully and

6  completely to' the borrower's application."  <u>Sheen v. Wells Fargo Bank, N.A.</u>, 12

7  Cal.5th 905, 948, 290 Cal.Rptr.3d 894, 864 (2022), *reh'g denied* (June 1, 2022).

8  The case law also finds that a plaintiff cannot convert an alleged statutory

9  violation or breach of contract into a tort without more.

10       As such, PHH owes Plaintiffs no general duty of care as an essential

11  element of their negligence claim.  The eleventh claim should be dismissed as a

12  matter of law.

13  **XIV.  <u>PLAINTIFFS' TWELFTH CLAIM FOR "FRAUDULENT</u>**

14        **<u>REPRESENTATION" ALSO FAILS</u>**

15       The specific elements of fraud are: (1) a material representation or deceit

16  that is false; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance;

17  and (5) resulting damages.  <u>Cicone v. U.R.S. Corp.</u>, 183 Cal.App.3d 194, 202-03,

18  227 Cal.Rptr. 887, 891-92 (Cal. App. 5 Dist. 1986); <u>Engalla v. Permanente</u>

19  <u>Medical Group, Inc.</u>, 15 Cal.4th 951, 974, 64 Cal.Rptr.2d 843 (1997); <u>Desaigoudar</u>

20  <u>v. Meyercord</u>, 223 F.3d 1020, 1022-23 (9th Cir. 2000).  The circumstances must be

21  detailed including the time, place, specific content of the alleged misrepresentation,

22  and identity for each of the defendants.  <u>Williams v. WMX Technologies, Inc.</u> 112

23  F.3d 175, 178 (5th Cir. 1997); <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097,

24  1106 (9th Cir. 2003) (internal quotation marks omitted) (fraud requires "the who,

25  what, where, and when of the alleged fraud."); <u>Edwards v. Marin Park, Inc.</u>, 356

26  F.3d 1058, 1066 (9th Cir.2004); <u>Swartz v. KPMG LLP</u>, 476 F.3d. 756, 764-765 (9th

27  Cir. 2007); <u>Cornejo v. JPMorgan Chase Bank</u>, 2011 WL 6149246, at * 5 (C.D. Cal.

28  Dec. 12, 2011) (cannot just lump all defendants together."); <u>Lazar v. Superior</u>

<u>Court</u>, 12 Cal.4th 631, 645, 49 Cal.Rptr.2d 377 (1996) (for corporate defendants, must establish the persons, their authority to speak, to whom they spoke, what they said or wrote, when it was said or written, and by what means the alleged representations or concealments were made); <u>Tarmann v. State Farm Mutual Automobile Insurance Company</u>, 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (Cal. App. 6 Dist. 1991).

Here, Plaintiffs repeat their same conclusory allegations in three short paragraphs as follows:

> Defendants misrepresented their compliance with statutory requirements and the accuracy of foreclosure documents.

> Plaintiffs relied on these misrepresentations to their detriment.

> As a result, Plaintiffs suffered damages, including the risk of losing their home.

(Cplt. ¶¶ 65-67).

These allegations fail to establish or convert these same failed claim allegations into the separate tort of intentional or fraudulent misrepresentation. Plaintiffs' final twelfth claim should be dismissed as well.

## XV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully requests that the Court GRANT the Motion and dismiss this action without leave to amend.

Dated: October 14, 2025               **HOUSER LLP**

_/s/ Jeffrey S. Allison_
Jeffrey S. Allison, Esq.
Attorneys for Defendants, PHH
MORTGAGE CORPORATION dba PHH
MORTGAGE SERVICES and NEWREZ,
LLC

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On October 14, 2025, I served the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES**

On the following interested parties in this action described as follows:

Angel Jiminian                          Mercedes Jiminian
6083 N. Figarden Drive                  6083 N. Figarden Drive
Suite 611                               Suite 611
Fresno CA 93722                         Fresno CA 93722
angel.jminian@gmaiI.com                 *Plaintiff, Pro Per*
*Plaintiff, Pro Per*

☒   <u>FIRST CLASS MAIL</u>— By placing the envelope for collection and mailing following our ordinary business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the United States Postal Service in the ordinary course of business, in a sealed envelope with postage fully prepaid.

☒   <u>ELECTRONIC MAIL</u>—By transmitting the document by electronic mail to the electronic mail address as stated on the above service list.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct. Executed on October 14, 2025 in Irvine, California.

_____
Courtney Hershey