# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL JIMINIAN, et al., | Case No. 1:25-cv-00885-JLT-SKO |
| Plaintiffs, | **FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE** |
| v. | |
| PHH MORTGAGE SERVICES, et al., | (Doc. 8) |
| Defendants. | **TWENTY-ONE DAY DEADLINE** |

Plaintiffs Angel Jiminian and Mercedes Jiminian are proceeding *pro se* in this action that was removed from Fresno County Superior Court by Defendants PHH Mortgage Services and NewRez LLC (collectively "Defendants") on July 21, 2025. (Doc. 1.)

On October 14, 2025, Defendants filed a motion to dismiss. (Doc. 3). Although Plaintiffs' response to the motion to dismiss was due on October 31, 2025, no response or opposition was filed. (*See* Docket). On November 4, 2025, the undersigned issued an order requiring Plaintiffs to show cause ("OSC") within twenty-one days why the action should not be dismissed for failure to respond to the motion to dismiss as required by the Local Rules for the Eastern District of California (the "local rules") and for failure to prosecute this case. (Doc. 8.) Plaintiffs were warned in the OSC that failure to comply with the undersigned's order would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id.* at 2.) Plaintiffs have not yet filed any response, and the time to do so has passed.

The local rules, corresponding with Rule 11 of the Federal Rules of Civil Procedure ("FRCP"), provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110; *see also* E.D. Cal. Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on (1) a party's failure to prosecute an action or failure to obey a court order, or (2) failure to comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Federal Rule of Civil Procedure 41(b) grants district courts the authority to dismiss actions *sua sponte* for failure to prosecute or obey court orders. *See Link v. Wabash R.R.*, 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Dismissal, however, is a harsh penalty and is to be imposed only in extreme circumstances. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court's evaluation of the appropriateness of the dismissal of an action as a sanction and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Based on Plaintiffs' failure to comply with, or otherwise respond to, the motion to dismiss

1 or the OSC, the undersigned will recommend that this action be dismissed without prejudice
2 pursuant to Rule 41(b) for failure to prosecute and obey Court orders.  Plaintiffs have filed no
3 response to the undersigned's OSC, nor did they file an opposition or statement of non-opposition
4 to the motion to dismiss, and the time do so has passed.  There are no other reasonable alternatives
5 available to address Plaintiffs' failure to respond or otherwise obey this Court's orders.  Thus, the
6 first and second factors—the expeditious resolution of litigation and the Court's need to manage its
7 docket—weigh in favor of dismissal.  *See Carey*, 856 F.2d at 1440.

8     The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal
9 since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
10 action.  *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  This matter cannot proceed
11 further without Plaintiffs' participation to prosecute the case and respond to the pending motion to
12 dismiss filed on October 14, 2025.  (Doc. 3).  The presumption of injury holds given Plaintiffs'
13 unreasonable delay in prosecuting this action.  Thus, the third factor—a risk of prejudice to the
14 defendant—also weighs in favor of dismissal.  *Carey*, 856 F.2d at 1440.

15     The fourth factor usually weighs against dismissal because public policy favors disposition
16 on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor
17 lends little support to a party whose responsibility it is to move a case toward disposition on the
18 merits but whose conduct impedes progress in that direction."  *In re Phenylpropanolamine (PPA)*,
19 460 F.3d at 1226 (citation omitted).  Plaintiffs have not moved this case forward toward disposition
20 on the merits.  They have instead failed to comply with this Court's orders, the FRCP, and the local
21 rules, and are thus impeding the progress of this action.  Therefore, the fourth factor—the public
22 policy favoring disposition of cases on their merits—also weighs in favor of dismissal.  *Carey*, 856
23 F.2d at 1440.

24     Finally, the undersigned's warning to Plaintiffs that a failure to obey the Court's order would
25 result in a recommendation of dismissal satisfies the "considerations of the alternatives"
26 requirement.  *Ferdik*, 963 F.2d at 1262.  Here, the undersigned's OSC, requiring a response from
27 Plaintiffs, cautioned: "**Failure to comply with this order will result in a recommendation that**
28 **this case be dismissed for failure to prosecute**."  (Doc. 6 at 2.)

Plaintiffs were adequately forewarned that the failure to timely respond to the OSC would result in a recommendation of terminating sanctions. And despite the undersigned's order expressly requiring them to do so, Plaintiffs still have not filed (1) an opposition to the motion to dismiss or a notice of non-opposition informing the Court of their intention to dismiss this action, or (2) a written response to the undersigned's OSC. Because Plaintiffs have failed to comply with this Court's orders and the local rules, and in so doing they have failed prosecute their case, the undersigned will recommend dismissal of this action.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed for Plaintiffs' failure to obey court orders and failure to prosecute this action.

These Findings and Recommendation will be submitted to the assigned United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiffs may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court **DIRECTS** the Clerk of Court to send a copy of this Order to Plaintiffs at their addresses listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **December 2, 2025**            /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE