# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL JIMINIAN, et al., | Case No.: 1:25-cv-00885-JLT-SKO |
| Plaintiffs, | **FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT BE GRANTED WITH LIMITED LEAVE TO AMEND AS TO COUNTS ONE, TWO, THREE, FOUR, FIVE, SIX, & TWELVE** |
| v. | |
| PHH MORTGAGE SERVICES, et al., | (Doc. 3) |
| Defendants. | OBJECTIONS DUE: 21 DAYS |
| _____/ | |

Plaintiffs Angel Jiminian and Mercedes Jiminian (collectively "Plaintiffs") proceed *pro se* in this action that was removed from Fresno County Superior Court by Defendants PHH Mortgage Services and NewRez LLC (collectively "Defendants") on July 21, 2025.  (Doc. 1).

On October 14, 2025, Defendants filed a motion to dismiss.  (Doc. 3 ("MTD")).  On October 16, the Court referred the motion to the undersigned for the preparation of findings and recommendations.  (Doc. 5).

While Plaintiffs' response to the motion to dismiss was due on October 31, 2025, no response or opposition was filed.  (*See* Docket).  On November 4, 2025, the undersigned issued an order requiring Plaintiffs to show cause ("OSC") within twenty-one days why the action should not be dismissed for failure to respond to the motion to dismiss as required by the Local Rules for

the Eastern District of California (the "local rules") and for failure to prosecute this case. (Doc. 8). Plaintiffs were warned in the OSC that failure to comply with the order would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id.* at 2). Plaintiffs again did not respond, (*see* Docket), and on December 3, 2025, the undersigned issued findings and recommendations recommending that this action be dismissed due to Plaintiffs' failure to obey court orders and failure to prosecute this action. (Doc. 9).

On December 12, 2025, Plaintiffs filed (1) objections to the December 3, 2025 Findings and Recommendations, and (2) an opposition to Defendants' Motion to Dismiss. (Docs. 10, 11). Plaintiffs contend that their opposition to the motion to dismiss was not docketed due to a "postal or clerical error," (Doc. 10 at 1), and Defendants responded challenging the plausibility of Plaintiffs' claim, (Doc. 12 at 2–3). On December 19, 2025, in an "abundance of caution," the undersigned discharged the OSC, withdrew the December 3, 2025, Findings and Recommendations, and invited Defendants to file an optional reply. (Doc. 13). On December 31, 2025, Defendants filed a reply to Plaintiffs' opposition. (Doc. 19).

On the merits, the undersigned finds that Plaintiffs have not stated a claim as to counts two through twelve and will therefore recommend that Defendants' Motion be granted with limited leave to amend as described in detail below as to counts one, two, three, four, five, six, and twelve, but not as to counts seven, eight, nine, ten, and eleven.

## I.   BACKGROUND

**A.   Factual Background[1]**

Plaintiffs Angel Jiminian and Mercedes Jiminian signed a Deed of Trust dated December 14, 2006, for the property identified as 135 E Cortland Ave, Fresno, California. (Doc. 4-1 at 1).

---

[1] In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation modified). Defendants request that the Court take notice of three public documents, (Doc. 4), which the undersigned finds are properly subject to judicial notice as public records whose authenticity is not reasonably disputable. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Therefore, the undersigned will recommend granting Defendants' request for judicial notice. However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the undersigned does not recommend taking judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

2

Defendant PHH Mortgage Services is a loan servicer that services Plaintiffs' mortgage loan on behalf of Defendant NewRez LLC. (Doc. 1-1 ("Compl.") ¶ 8). Plaintiffs allege that after they ceased making loan payments in June 2024, (*id.* at ¶ 9), they received a payoff quote dated March 18, 2025, "indicating a total payoff amount of $111,466.22," (*id.* at ¶ 10). Plaintiffs allege they have attempted "to engage with Defendants to explore loss mitigation and retention options," "but have not received a meaningful response." (*Id.* at ¶ 12). Further, Plaintiffs allege that "Defendants failed to provide Plaintiffs with a written notice describing foreclosure prevention alternatives." (Compl. at ¶ 20; *see also id.* ¶ 25 ("Defendants failed to contact Plaintiffs as required prior to initiating foreclosure proceedings.")). Plaintiffs further allege that "there is currently pending a LOSS MIFIGATION AND RETENTION OPTION REVIEW" as of the filing of their complaint, (*id.* at ¶ 16), and that "Defendants failed to contact Plaintiffs to assess their financial situation and explore alternatives to foreclosure prior to filing a Notice of Default," (*id.* at ¶ 25), which was executed on January 27, 2025, (*see* Doc. 4-2 at 1). Appended to the recorded Notice of Default is a declaration by Oscar Giraldo signed on October 29, 2024, in which Mr. Giraldo checked the box next to the statement

> [t]he mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.5 and Civ. Code § 2923.55 to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

(Doc. 4-2 ("Giraldo Decl.") at 4).

**B.    Procedural Posture**

On July 21, 2025, Defendants removed the complaint filed by Plaintiffs Angel Jiminian and Mercedes Jiminian (collectively "Plaintiffs") from Fresno County Superior Court to this Court. (*See* Doc. 1). Plaintiffs' complaint alleges the following claims: (1) Violation of Civil Code § 2923.5 (Failure to Contact Borrower Prior to Notice of Default); (2) Violation of Civil Code § 2924.11 (Dual Tracking); (3) Violation of Civil Code § 2924.9 (Failure to Provide Loss Mitigation Options); (4) Violation of Civil Code § 2924.17 (Inaccurate Foreclosure Documentation); (5) Violation of Business & Professions Code § 17200 (Unfair Business Practices); (6) Wrongful Foreclosure; (7) Declaratory Relief; (8) Injunctive Relief (TRO and

3

Preliminary Injunction); (9) Breach of Contract (Insurance Coverage); (10) Breach of the Covenant of Good Faith and Fair Dealing; (11) Negligence; and (12) Fraudulent Misrepresentation. (Doc. 1-1 at 5–20 ("Compl.")). On October 3, 2025, Defendants filed a Motion to Dismiss (the "Motion"), (Doc. 3), and a Request for Judicial Notice, (Doc. 4). Plaintiffs opposed the Motion on December 12, 2025, and Defendants filed a reply on December 31, 2025.

## II.    LEGAL STANDARDS

A motion to dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim," and dismissal is "proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011). "To survive a motion to dismiss, the plaintiff's complaint 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"At this stage, the Court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party." *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1109 (9th Cir. 2019). "[D]etermining whether a complaint states a plausible claim [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663–64. "'[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (alteration in original) (quoting *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1155 (9th Cir. 1989)).

In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

4

To the extent the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). Federal Rule of Civil Procedure 15(a)(2) advises that "[t]he court should freely give leave when justice so requires." In general, a *pro se* litigant will be granted an opportunity to amend deficient pleadings. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). However, while the Ninth Circuit has an extremely liberal policy favoring leave to amend, *see Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), a court may deny leave to amend the complaint if doing so would be futile, *see DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.    ANALYSIS

The undersigned starts by addressing several threshold matters.

First, Defendants' motion represents that they have not received formal service of process. (MTD at 2). However, in Defendants' notice of removal, Defendants stated "[a] Summons and Complaint was served to Defendants' agent for service of process," (Doc. 2 at 7), and "if process was properly issued and timely served under state law before removal, the service remains sufficient after removal." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1282 (9th Cir. 1980). Therefore, the undersigned does not find that there has been deficient service under Federal Rule of Civil Procedure 4.

Second, Defendants contend that the complaint should be dismissed because only Plaintiff Angel Jiminian's name is listed at the top of the complaint, and he cannot represent his wife in this proceeding. (MTD at 9). While it is true that only Plaintiff Angel Jiminian's name is listed at the top of the complaint, (*see id.* at 5), both Plaintiffs Angel and Mercedes Jiminian are listed as parties, (*see id.* ¶ 1), and both Plaintiffs signed the complaint, (*see id.* at 18). In light of both Plaintiffs' signatures, the undersigned finds that the complaint does not run afoul of the rule that a non-attorney *pro se* plaintiff may not represent another party and does not recommend dismissal on this ground. *Compare* (*id.*), *with Forty-Niner Lease v. Dept. of Transp.*, No. CV-F-07-406

5

OWW/WMW, 2007 WL 1411631, at *4 (E.D. Cal., May 11, 2007) (dismissing a complaint where only the husband signed the complaint).

Third, in Plaintiffs' opposition to the Motion, Plaintiffs allege "standing defects" and that Defendants are an "improper moving party," contending that Defendants lack Article III standing because they "only appear as servicers, not holders, beneficiaries, or parties with any enforceable interest in the debt." (Doc. 11 at 3). Article III standing is a doctrine governing a *plaintiff's* right to bring a claim against a defendant. *See Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 906 (N.D. Cal. 2019) ("Article III of the Constitution requires that a plaintiff have standing to assert claims in federal court."). Because Plaintiffs have chosen to file an action against the named Defendants, Defendants may properly seek that the action be dismissed under Federal Rule of Procedure 12 and such a motion does not implicate an issue of "identity misrepresentation" (Doc. 11 at 4). Because Plaintiffs have filed an action bringing claims against Defendants, Defendants are the proper parties to contest their liability as alleged by Plaintiffs under Rule 12. If Plaintiffs believe the Defendants are not the proper parties against whom they seek relief, Plaintiffs may voluntarily dismiss their claims against Defendants and seek remedies from other parties.

Finally, in Plaintiffs' opposition to the Motion, Plaintiffs advance new theories of Defendants' wrongdoing. Plaintiffs contend that the structure of the transaction by which Defendants became servicers and lenders associated with the mortgage underlying Plaintiffs' claims was "securitized into a structured pool," that "Defendants have not shown they possess the original note or have any assignment from the last verified holder," and that the structuring is "design[ed] to evade Cal. Civ. Code § 1624 (Statute of Frauds)." (Doc. 11 at 4–5).

Insofar as Plaintiffs intend to rely on any argument that foreclosure would be wrongful because Defendants were not in physical possession of the note, (Doc. 29 at 7), that argument is not clear from the allegations in the complaint and is without merit as a matter of law. For over a century, California and federal courts have taken the consistent position that section 2932.5 does not require recording an assignment of a note secured by a deed of trust before an assignee can exercise the power of sale. *See Stockwell v. Barnum*, 94 P. 400, 402 (Cal. Ct. App. 1908); *Calvo v. HSBC Bank USA, N.A.*, 130 Cal. Rptr. 3d 815, 819 (Cal. Ct. App. 2011); *Haynes v. EMC Mortg.*

*Corp.*, 140 Cal. Rptr. 3d 32, 37 (Cal. Ct. App. 2012) (noting that section 2932.5 "by its plain terms, does not apply to deeds of trust"); *Rodriguez v. Litton Loan Servicing LP*, No. 2:09-cv-0029-MCE-DAD, 2009 WL 1326339 (E.D. Cal. May 12, 2009) (citing *Candelo v. NDEX West, LLC*, No. CV F 08-1916 LJO DLB (E.D. Cal. Dec. 23, 2008)); *Sicairos v. NDEX West, LLC*, No. 08cv2014-LAB (BLM), 2009 WL 385855, at *2–3 (S.D. Cal. Feb. 13, 2009) (quoting *Moeller v. Lien*, 30 Cal. Rptr. 2d 777, 782 (Cal. App. Ct. 1994)); *Pagtalunan v. Reunion Mortg., Inc.*, No 09-162 2009 WL 961995 (N.D. Cal. April 8, 2009) ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust."); *Corvera v. HSBC Bank USA, N.A.*, No. CV 09-6517 SVW (SHX), 2009 WL 10698214, at *2 (C.D. Cal. Oct. 27, 2009).

To the extent Plaintiffs seek to advance a theory that non-party Mortgage Electronic Registration Systems, Inc. ("MERS") was improperly designated as the beneficiary of the Loan and therefore could not further assign its interest, (*see* Doc. 11 at 5), that contention is without merit as "challenges to MERS's authority to assign or foreclose have been routinely rejected." *Chidester v. Mortg. Elec. Registration Sys., Inc.*, No. G062192, 2024 WL 4272026, at *10 (Cal. Ct. App. Sept. 23, 2024), *reh'g denied* (Oct. 17, 2024), *review denied* (Dec. 31, 2024) (citing *Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 823–26 (Cal. Ct. App. 2011)); *see also Dancy v. Aurora Loan Servs.*, LLC, No. C 10-2602 SBA, 2011 WL 835787, at *9–10 (N.D. Cal. Mar. 4, 2011) ("[W]hether or not MERS owned the note or was entitled to any payments thereunder does not obviate the fact that the Deed of Trust designated MERS as a beneficiary, which, under section 2924(a) [of the California Civil Code], has the right to foreclose."); *Walton v. Mortg. Elec. Registration Sys., Inc.*, 507 F. App'x 720, 721 (9th Cir. 2013).[2]

In any event, Plaintiffs cannot rely on theories not advanced in their complaint, *A.S. v. Point Quest*, No. 2:23-CV-02029-TLN-CSK, 2024 WL 4347440, at *5 n.9 (E.D. Cal. Sept. 30,

---

[2] While some courts have held to the contrary, those cases are from other jurisdictions and are not persuasive in light of the California case law on this issue. *See Toro-Aire, Inc. v. Fed. Ins. Co.*, No. CV085784SVWJTLX, 2009 WL 10671437, at *7 (C.D. Cal. Oct. 1, 2009) ("Plaintiff cites to authorities from other jurisdictions, but those cases are not determinative of California law. The Court will not address these cases because there is adequate on-point authority construing California law.").

2024) ("Plaintiff may not add new theories of liability in an opposition motion, particularly when the allegations in support thereof are not pleaded or insufficiently pleaded in the operative pleading."), and therefore the undersigned recommends disregarding these arguments—as well as Plaintiffs' contentions that "Plaintiffs' challenge authority, not amount owed" and their invocation of the United States Constitution—in Plaintiffs' opposition as they are not pleaded in the operative complaint.  (*See generally* Compl.).

The undersigned will now turn to the merits of the Motion and review each challenged claim in turn.

**A.      First Count--Civil Code § 2923.5 (Failure to Contact Borrower Prior to Notice of Default)**

Plaintiffs' first claim alleges that Defendants violated California Civil Code § 2923.5, which requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" prior to recording a notice of default.  (Compl. ¶¶ 10–11). Defendants contend that Plaintiffs' first cause of action should be dismissed for two reasons: (1) Plaintiffs fail to state a cognizable claim because Giraldo's October 2024 declaration, (*see* Doc. 4-2 at 4), confirms that Defendants fully complied with section 2923.5, and (2) Plaintiffs' claim fails as a matter of law because no foreclosure sale has been scheduled and the only remedy for a violation of section 2923.5 is postponement of an impending foreclosure.[3]   (*Id.* at 10–12). Although the undersigned does not agree with Defendants, it recommends dismissal of this claim for the reasons set forth below.  *See Fields v. Mcdonnel*, No. CV 15-03943-DDP (KK), 2015 WL 7566623, at *3 (C.D. Cal. Nov. 24, 2015) ("The Ninth Circuit has held '[a] trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)' and has also stated '[s]uch a dismissal may be made without notice where the claimant cannot possibly win relief.'" (quoting *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987))).

---

[3] Defendants claim that section 2923.5 is "interchangeable" with section 2923.55.  (MTD at 10).  Assuming Plaintiffs intended to bring a claim under section 2923.55, the undersigned's analysis *infra* would be the same, as the remedy provision for section 2923.55, section 2923.12, mirrors the relevant language in section 2924.19 that is examined below.

The undersigned starts with Defendants' argument based on the Giraldo declaration. Plaintiffs allege that Defendants violated section 2923.5(a)(2), because despite residing at the property when the notice of default was recorded on January 27, 2025, Defendants "failed to contact Plaintiffs to assess their financial situation and explore alternatives prior to recording a Notice of Default." (Compl. ¶ 18; *see also id.* ¶ 25 ("Defendants failed to contact Plaintiffs as required prior to initiating foreclosure proceedings.")). In response, Defendants point to the October 2024 declaration—which was recorded with the notice of default on January 27, 2025— on which the assigned mortgage servicer attests, by checking a line next to pre-prepared language, that the mortgage servicer "exercised due diligence to contact the borrower" in conformity with section 2923.5. (Doc. 4-2 at 4). Defendants contend that Plaintiffs fail to state a claim under section 2923.5(a)(2) because Plaintiffs' allegations that they did not receive proper notice are contradicted by the recorded October 2024 declaration. Defendants cite to *Diaz v. Wells Fargo Bank, N.A.*, No. 13-04915, 2013 WL 6172648, at *3–4 (N.D. Cal. 2013), to support their proposition that a declaration recorded with a notice of default is sufficient to satisfy a defendant's obligations under section 2923.5. (MTD at 11). The undersigned disagrees.

*Diaz* involved an application for a restraining order, a procedural posture in which a court must consider evidence and resolve factual disputes.[4] But here, the motion to dismiss standard requires this Court to take all allegations in the light most favorable to the Plaintiffs. *See Great Minds*, 945 F.3d at 1109. And, taking all allegations in the light most favorable to Plaintiffs, including the specific allegations that Defendants "failed to contact" them, indirectly challenges the content—not the existence—of the declaration, taking the issue outside the scope of what the undersigned recommends the Court judicially notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Put another way, Defendants' argument that the declaration satisfies

---

[4] While *Diaz* did rely on two cases decided at the motion to dismiss stage, *Kamp v. Aurora Loan Servs.*, No. SACV 09-00844, 2009 WL 3177636, at *2 (C.D. Cal. Oct. 1, 2009), and *Juarez v. Wells Fargo Bank, N.A.*, No. CV 09-3104, 2009 WL 3806325, at *2 (C.D Cal. Nov. 11, 2009), the undersigned finds those cases distinguishable for the reasons persuasively expressed in *Cruz v. Specialized Loan Servicing, LLC*, No. SACV2201610CJCJDEX, 2022 WL 18228277, at *4 (C.D. Cal. Oct. 14, 2022). Moreover, the reading of *Diaz* advanced by Defendants is against the weight of recent authority. *See, e.g.*, *Travis v. Amerihome Mortg. Co. LLC*, No. 1:23-CV-01267-ADA-SAB, 2023 WL 8113520, at *4 (E.D. Cal. Nov. 22, 2023), *report and recommendation adopted*, No. 1:23-CV-01267-KES-SAB, 2024 WL 3361132 (E.D. Cal. July 8, 2024).

Defendants' obligations under section 2923.5 is a factual challenge that the Court cannot resolve at this stage. *See id.* at 688 ("Factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)."); *see also Lawrence v. Cenlar F.S.B.*, No. 1:22-CV-01627-JLT-CDB, 2024 WL 4093227, at \*3 (E.D. Cal. Sept. 5, 2024); *Travis v. Amerihome Mortg. Co. LLC*, No. 1:23-CV-01267, 2023 WL 8113520, at \*4 (E.D. Cal. Nov. 22, 2023), *report and recommendation adopted*, No. 1:23-CV-01267-KES-SAB, 2024 WL 3361132 (E.D. Cal. July 8, 2024).

Defendants alternatively contend that even if Plaintiffs state a cognizable claim under section 2923.5, Plaintiffs' claim does not seek any available relief because the only remedy for a violation of section 2923.5 is postponement of an impending foreclosure sale, and no such foreclosure sale is alleged to be scheduled. (MTD at 11–12 (citing *Mabry v. Superior Ct.*, 110 Cal. Rptr. 3d 201, 221 (Cal. Ct. App. 2010))). However, there has been a material change in the available remedies for violations of section 2923.5 since *Mabry* was decided.

Until December 31, 2022, the only available remedy for violation of section 2923.5 was postponement of the foreclosure sale, as provided in section 2920.7 (repealed effective December 31, 2022). *See Mabry*, 110 Cal. Rptr. 3d at 221 ("the *only* remedy provided is a postponement of the sale before it happens"); *Martinez v. America's Wholesale Lender*, 446 F. App'x 940, 943 (9th Cir. 2011) (affirming dismissal of section 2923.5 claim because foreclosure sale had already occurred). Beginning on January 1, 2023, section 2924.19(b) (effective January 1, 2023) provides that mortgage servicers may be liable "to a borrower" for "actual economic damages pursuant to [s]ection 3281, resulting from a material violation of [s]ection 2923.5 . . . where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale." The maximum award is "the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000)." *Id.* In light of this statutory change, the undersigned finds that Defendants' remedies argument is without merit.

However, section 2924.19 does limit Plaintiffs' claims in two important ways not addressed by Defendants. First, where no deed upon sale has been recorded, a borrower's remedy is limited to an action for injunctive relief. *See* § 2924.19(a). While Plaintiffs do plead a separate

10

claim for injunctive relief and state that they seek "a Temporary Restraining Order and Preliminary Injunction to halt the foreclosure sale pending resolution of this action," (Compl. ¶ 14; *see also id.* at 17), the operative complaint does not clearly seek injunctive relief specifically under section 2924.19(a).  More importantly, there is no allegation that a foreclosure sale is scheduled or imminent or any other facts that amount to plausible allegations that Plaintiffs would suffer irreparable harm but for injunctive relief.[5]  *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (explaining that to obtain injunctive relief, a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.").  And as to economic damages, those are only available where a deed has been recorded, which has not been alleged here.  Therefore, the undersigned finds that Plaintiffs have failed to state a claim under section 2923.5 that would entitle them to relief available under section 2924.19.

Second, section 2924.19 limits relief to only "*material*" violations of section 2923.5. § 2924.19(a) (emphasis added).  There is some disagreement over whether this element should be considered at the pleadings stage.  *See Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp. 3d 862, 869 (N.D. Cal. 2017) ("Some [district courts] have concluded that materiality is a factual question that should not be resolved on a motion to dismiss.") (citing cases).  Courts who have weighed materiality at this juncture have considered a violation "material" if a violation affected a plaintiff's loan obligations, disrupted their loan modification process, or caused them to suffer harm.  *See Cardenas*, 281 F. Supp. 3d at 869−70; *see also Billesbach v. Specialized Loan Servicing LLC*, 278 Cal. Rptr. 3d 213, 215−16 (Cal. Ct. App. 2021) ("A material violation is one that affected the borrower's loan obligations, disrupted the borrower's loan-modification process, or otherwise harmed the borrower."); *Morris v. JPMorgan Chase Bank, N.A.*, 293 Cal. Rptr. 3d 417, 449 & n.

---

[5] Plaintiffs' conclusory allegation that they would "suffer irreparable harm" is insufficient to plausibly allege entitlement to injunctive relief under section 2924.19(a).  *See Johnson v. Hologic, Inc.*, No. 2:14-CV-0794-JAM-KJN, 2015 WL 75240, at *3 (E.D. Cal. Jan. 6, 2015), *report and recommendation adopted*, No. 2:14-CV-0794-JAM-KJN, 2015 WL 4745264 (E.D. Cal. Mar. 6, 2015) ("Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are insufficient."  (quoting *Twombly*, 550 U.S. at 555)).

11

14 (Cal. Ct. App. 2022) (adopting definition of "material" used in *Billesbach* and *Cardenas*); *Mountjoy v. Seterus, Inc.*, No. 2:15-CV-02204-DJC-DB, 2023 WL 4086763, at *11 (E.D. Cal. June 20, 2023) ("A material violation occurs where the violation: (1) affects the borrower's loan obligations, (2) disrupts the borrower's loan modification process, or (3) causes the borrower to suffer harm that he would not have otherwise suffered related to his right to be considered for loss mitigation options." (citing *Morris.*, 293 Cal. Rptr. 3d 449 & n. 14)); *see also Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015) (noting that in the context of HBOR, a material violation is one where "the alleged violation affected a plaintiff's loan obligations or the modification process").

Upon examination of the pleadings in cases where courts have found allegations sufficient to plead materiality, the undersigned recognizes that the bar for pleading materiality is low. As one court put it, "while [plaintiff] need not *prove* materiality at this point, [the Court] agrees that [plaintiff] 'must plead something to satisfy [the] materiality requirement"—just as he must with any element of his claims." *See Galvez v. Wells Fargo Bank, N.A.*, No. 17-CV-06003-JSC, 2018 WL 4849676, at *5 (N.D. Cal. Oct. 4, 2018). But here, Plaintiffs do not plead *any* facts going to the issue of materiality. Without any such allegations, the undersigned finds that even considering the low bar for allegations of materiality to be sufficient to state a claim, Plaintiffs have not sufficiently pleaded a material violation of section 2923.5.

In sum, the undersigned concludes that, as pleaded in the operative complaint, Plaintiffs have not plausibly alleged a material violation of section 2923.5, that but for injunctive relief they would experience irreparable harm entitling them to relief under section 2924.19(a), or that they are entitled to economic damages under section 2924.19(b). Therefore, the undersigned recommends that this claim be dismissed with leave to amend to plausibly allege facts that (1) any violation of section 2923.5 was material and (2) either (a) that Plaintiffs are entitled to injunctive relief under section 2924.19(a) or (b) a deed upon sale has been recorded entitling Plaintiffs to damages under section 2924.19(b).

//

//

12

**B.        Second Count--Civil Code § 2924.11 (Dual Tracking)[6]**

Plaintiffs next allege that Defendants violated California Civil Code § 2924.11, which regulates when a notice of default and notice of trustee's sale can be recorded after "a foreclosure prevention alternative is approved in writing." (Compl. ¶¶ 27–30).  But as Defendants note, (MTD at 11–12), Plaintiffs do not allege that they accepted or were approved for a foreclosure prevention alternative, (*see* Compl.).   Instead, Plaintiffs contend that they "submitted a complete loan modification application."  (Compl. ¶ 29).  The undersigned finds this statement insufficient to adequately plead a violation of section 2924.11.  *See Dyer v. Specialized Loan Servicing LLC*, No. 3:24-CV-0361-W (MMP), 2024 WL 4683292, at *4 (S.D. Cal. Nov. 5, 2024) (dismissing the plaintiff's claim for violation of section 2924.11 because the plaintiff failed to allege that she had been approved or accepted a foreclosure prevention alternative); *see also Robinson v. Bettencourt*, No. 2:24-cv-0760 (E.D. Cal. April 30, 2025), *report and recommendation adopted*, 2025 WL 1756489, at *1 (E.D. Cal. June 25, 2025).

Because Plaintiffs' have not alleged that they accepted or were approved for a foreclosure prevention alternative, the undersigned finds they have not stated a claim under section 2924.11 and recommend dismissal of claim two with leave to amend facts supporting allegations that Plaintiffs accepted or were approved for a foreclosure prevention alternative.

//

---

[6] While Plaintiffs reference 12 C.F.R. § 1024.41 in their opposition, (Doc. 11 at 6), the operative complaint does not reference or rely on that provision in bringing any of Plaintiffs' claims, (*see* Compl.).  And even if Plaintiffs had, such a claim would not be ripe.

It is the case that a borrower can seek to enforce the provisions of 12 C.F.R. § 1024.41 pursuant to section 6(f) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2605(f).  *Mazzone-Urie v. One West Bank FSB*, 2024 WL 4894288, at *5–6 (N.D. Cal. Nov. 25, 2024) (analyzing plaintiff's alleged violations of 12 C.F.R. § 1024.41(g)).  Under section 1024.41, if a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, but more than 37 days before a foreclosure sale, a servicer shall not move for a foreclosure judgment or order of sale unless certain requirements are met.  12 C.F.R. § 1024.41(g).  These requirements include that the servicer has sent the borrower a notice that the borrower is not eligible for any loss mitigation option and the appeal process is not applicable, the borrower rejects all loss mitigation options offered, or the borrower fails to perform under an agreement on a loss mitigation option.  12 C.F.R. § 1024.41(g)(1)–(3).  But, as the regulations themselves make clear, "[s]ection 1024.41(g) is concerned, in the non-judicial foreclosure context, with the actual 'conduct of a foreclosure sale,' not the preceding steps, as long as these steps do not ultimately cause the foreclosure sale." *Vethody v. Nat'l Default Servs. Corp.*, No. 16-CV-04713-HRL, 2016 WL 7451666, at *5 (N.D. Cal. Dec. 28, 2016).  Therefore, even if Plaintiffs had pleaded a section 1024.41 claim, their failure to allege that a foreclosure sale has been scheduled would have been fatal.

13

**C.      Third Count--Civil Code § 2924.9 (Failure to Provide Loss Mitigation Options)**

Plaintiffs' third cause of action alleges Defendants violated California Civil Code § 2924.9, which requires that a mortgage servicer send the borrower a written communication containing specific information regarding foreclosure prevention alternatives within five business days after recording a notice of default. (Compl. ¶¶ 32–34). Defendants contend that Plaintiffs' allegations are insufficient to support their claim, in part because Plaintiffs have neither pleaded a "material" violation of section 2924.9, nor financial harm. (MTD at 13–14). The undersigned agrees with Defendants.

The remedy for section 2924.9 is governed by section 2924.12, which is similar to section 2924.19, states:

> (a)(1) If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section . . . 2924.9 . . .
>
> (2) After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages . . . resulting from a material violation of section . . . 2924.9 . . . by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale.

This section provides remedies for a violation of section 2924.9 only where such a violation was "material." Examining Plaintiffs' complaint, the undersigned finds that Plaintiffs have not stated a claim for two reason that mirror the undersigned's analysis of their section 2923.5 claim: (1) Plaintiffs' complaint does not clearly seek injunctive relief as to this claim and does not state a claim for economic damages, and (2) Plaintiffs have not pleaded that any violation of section 2924.9 was material.

First, while Plaintiffs bring a separate claim for injunctive relief, that claim simply states that Plaintiffs seek "a Temporary Restraining Order and Preliminary Injunction to halt the foreclosure sale pending resolution of this action." (Compl ¶ 49). As pleaded, the operative complaint does not clearly seek injunctive relief under section 2924.12(a), and, even if it did, any such order and injunction would be premature as there have been no allegations that a foreclosure sale has even been scheduled. *Loar v. Wells Fargo & Co.*, No. 12-0430-SC, 2012 WL 2135351, at *3 (N.D. Cal. June 12, 2012). Therefore, Plaintiffs have not plausibly alleged that but for

14

injunctive relief, they would experience irreparable harm caused by any violation of section 2924.9 and have thus they have not stated a claim under section 2924.9 for injunctive relief. *See Bonyadi v. Citi Mortg. Inc.*, No. CV125239CASJCGX, 2012 WL 12906120, at \*2 (C.D. Cal. July 10, 2012); *In re Wells Fargo Mortg. Modification Litig.*, No. 24-CV-01358-MMC, 2025 WL 3215123, at \*8 (N.D. Cal. Nov. 18, 2025); *see also eBay, Inc.*, 547 U.S. at 391. And insofar as Plaintiffs seek economic damages under section 2924.12(b), such a claim is not ripe because Plaintiffs have not alleged that a deed of sale has been recorded. *See Breining v. Ocwen Loan Servicing, LLC*, No. 13-CV-2441-TLN-DAD, 2015 WL 1405501, at \*4 (E.D. Cal. Mar. 26, 2015) ("Plaintiffs do not state a trustee's deed upon sale has been recorded. So, the relief requested by Plaintiffs, under section 2924.12(b), does not comport with the conditions necessary for seeking this relief.").

Second, Defendants contend, and the undersigned agrees, that Plaintiffs have not adequately pleaded a *material* violation of section 2924.9. Again, while the bar is quite low, Plaintiffs must plead *some* facts going to the issue of materiality. For example, the *Galvez* Court found it sufficient—for the purposes of pleading materiality—for the plaintiff to have alleged that, had the plaintiff received the communication required under section 2924.9, the plaintiff "would have taken action to avoid the foreclosure of the Subject Property with other lending sources." *Travis*, No. 1:23-CV-01267-ADA-SAB, 2023 WL 8113520, at \*7; *accord Warren v. PNC Bank Nat'l Ass'n*, 671 F. Supp. 3d 1035, 1045 (N.D. Cal. 2023) (finding the plaintiff had pleaded a material violation where plaintiff alleged that if he had "received 'such contact and communication, he would have taken action to avoid the foreclosure of the subject property with other lending sources.'"). There are no similar allegations in Plaintiffs' complaint. Without allegations going to the materiality of any violation, the undersigned finds that even considering the low bar for allegations of materiality as sufficient to state a claim, Plaintiffs have not sufficiently pleaded a material violation of section 2924.9.

In sum, the undersigned concludes that, as pleaded in the operative complaint, Plaintiffs have not plausibly alleged a material violation of section 2924.9, that but for injunctive relief they would experience irreparable harm entitling them to relief under section 2924.12(a), or that they

15

are entitled to economic damages under section 2924.12(b).    Therefore, the undersigned recommends that this claim be dismissed with leave to amend to plausibly allege facts that (1) any violation of section 2924.9 was material, and (2) either (a) that Plaintiffs are entitled to injunctive relief under section 2924.12(a) or (b) a deed upon sale has been recorded entitling Plaintiffs to damages under section 2924.12(b).

**D.    Fourth Count--Civil Code § 2924.17 (Inaccurate Foreclosure Documentation)**

In count four, Plaintiffs allege that Defendants "recorded foreclosure documents containing inaccuracies and unsupported claims," violated Defendants obligation under section 2924.17, which they allege "mandates that foreclosure documents be accurate and complete, and supported by competent and reliable evidence." (Compl. ¶¶ 36–37).  And, in Plaintiffs' opposition to Defendants' motion to dismiss, Plaintiffs contend that "[a]rrearage amounts conflict with PHH's own internal statements, and signatories lack personal knowledge. Robo-verification violates § 2924.17" and cite to "*Rahbarian v. JP Morgan Chase Bank, N.A.* 2014 WL 5823103 (E.D. Cal. Nov. 10, 2024)."  Defendants contend that this claim should be dismissed because the allegations lack "detail or explanation" to support Plaintiffs' conclusion.  (MTD at 14).  As a threshold matter, for the reasons previously discussed, the undersigned recommends disregarding the factual allegations raised in Plaintiffs' opposition.  *See A.S.*, 2024 WL 4347440, at *5.[7]  And as to the merits, the undersigned agrees that this claim should be dismissed.

---

[7] Even if the undersigned recommended considering *Rahbarian v. JP Morgan Chase*, No. 2:14-CV-01488 JAM, 2014 WL 5823103, at *8 (E.D. Cal. Nov. 10, 2014), the court in *Rahbarian* dismissed Plaintiffs' section 2924.17 claims because the "only factual allegation supporting [that] claim [was] that 'on information and belief . . . Colleen Irby [was] an employee of CRC not JP Morgan Chase and [was], in face [sic] a "robo-signer."'" *Id.* at *7. Based on that limited allegation in the complaint, the *Rahbarian* Court held that "[s]uch 'bare assertion[s]' are insufficient. *Id.* at 8 (*citing Johnson v. PNC Mortgage*, 2014 WL 3962662, at *13 (N.D. Cal. Aug.12, 2014) (dismissing section 2924.17 claim that alleged that a document was "robosigned without reliance on competent or reliable evidence to substantiate the right to foreclose" in part because "the critical allegations—that Commonwealth never assigned its interest to any party to the assignment and that PNC 'robosigned' the assignment—are made entirely on information and belief"); *Baldoza v. Bank of Am., N.A.*, No. C-12-05966 JCS, 2013 WL 978268, at *2, *14 (N.D. Cal. Mar. 12, 2013) (dismissing robosigning claim where plaintiff alleged, "on information and belief, [that] Muradyan, a known robo-signer, was not an employee of MERS but instead was employed by Defendant BOA"); *Sohal v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3842195, at *5 (N.D. Cal. Aug.30, 2011) (granting motion to dismiss in part because "Plaintiffs [did] not allege[ ] facts setting forth the basis on which they [were] informed and believe [the robosigning] allegations [were] true")). Plaintiffs in this case have alleged even fewer facts supporting their claim that Defendants violated section 2924.17, and therefore, even if the undersigned recommended considering Plaintiffs' new allegations and case law cited in their opposition, the undersigned's recommendation as to this claim would not change.

16

Section 2924.17(b) provides that "[b]efore recording or filing" a notice of default or notice of sale, "a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." Section 2924.17 is similar to section 2924.9 in that (1) to state a violation of section 2924.17 a plaintiff must allege that any violation was material and (2) section 2924.12 provides the available remedies.[8] As with Plaintiffs' allegation as to section 2924.9, the undersigned finds that Plaintiffs have not sufficiently alleged that any violation under section 2924.17 was material. Indeed, Plaintiffs' claim fails to even comply with Federal Rule of Civil Procedure 8, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although the Federal Rules use a flexible pleading policy, a plaintiff is required to give fair notice to a defendant of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. *See Twombly*, 550 U.S. at 555. Here, Plaintiffs' complaint includes no factual allegations and simply includes a conclusory statement that Defendants violated section 2924.17. (Compl. ¶ 36–37). But a complaint is required to contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Without non-conclusory factual allegations, it is impossible to determine whether what a plaintiff is alleging has occurred or how the defendant is alleged to be responsible, and therefore Plaintiffs here fall short of the pleading requirements as set forth in Rule 8. *See Twombly*, 550 U.S. at 565 n.10; *Rodriguez v. Diaz*, No. 1:20-CV-01373-HBK (PC), 2023 WL 11831879, at *3 (E.D. Cal. Mar. 23, 2023) ("the Court does not have to accept conclusory allegations, nor are such allegations enough to state a claim because Rule 8 requires a complaint contain sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged"). Additionally, Rule 8 requires that

---

[8] Defendants claim that the remedy available under section 2924.17 is limited to civil penalties in suits brought by governmental entities. (*See* Docs. 3 at 14; 19 at 6). But the remedies listed in section 2924.17(c) are not exclusive as made clear by section 2924.12, which expressly provides additional remedies that can be sought by "borrower[s]" claiming a material violation of section 2924.17.

the complaint state a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). But here, the nature of the relief requested in the complaint is not clear.

As with Plaintiffs' claims under section 2924.9, section 2924.12 provides either injunctive relief or damages, but Plaintiffs' requested remedy as to this claim is not clear. And even if it were, Plaintiffs have not plausibly alleged a material violation and that a deed upon sale had been recorded as required to seek damages under section 2924.12(b), *see In re Wells Fargo Mortg. Modification Litig.*, 2025 WL 3215123, at *8 ("[c]onsequently, plaintiffs lack statutory standing to bring a claim for damages, as they do not allege a trustee's deed upon sale has been recorded"), nor do Plaintiffs plausibly allege that but for injunctive relief they would suffer irreparable harm as required to seek injunctive relief under section 2924.12(a). *See Cline v. Real Time Resols., Inc.*, No. 2:25-CV-02001-TLN-AC, 2025 WL 2635687, at *4 (E.D. Cal. Sept. 12, 2025); *Lucioni v. Bank of Am., N.A.*, Cal. Rptr. 3d 418, 426 (Cal. Ct. App. 2016) ("Sections 2924.17 and 2923.55 do not create a right to litigate, preforeclosure, whether the foreclosing party's conclusion that it had the right to foreclose was correct."); *eBay, Inc.*, 547 U.S. at 391. Therefore, the undersigned recommends that this claim be dismissed with leave to amend to plausibly allege facts that (1) any violation of section 2924.17 was material, and (2) either (a) that Plaintiffs are entitled to injunctive relief under section 2924.12(a) or (b) a deed upon sale has been recorded entitling Plaintiffs to damages under section 2924.12(b).

**E.    Fifth Count--Business & Professions Code § 17200 (Unfair Business Practices)**

Plaintiffs next bring their fifth cause of action for a violation of the UCL. (Compl. ¶¶ 40–41). Plaintiffs allege that "Defendants' conduct constitutes unlawful, unfair, and fraudulent business practices under the Unfair Competition Law" and that "Plaintiffs have suffered economic harm and risk of losing their home due to Defendants' actions." (*Id.*). Defendants contend that because Plaintiffs' first through fourth claims fail, so too must their claim for a violation of the UCL. (MTD at 14). In the alternative, Defendants contend that (1) Plaintiffs seek a remedy for past conduct, which is not allowed under the UCL; (2) Plaintiffs have not demonstrated economic injury caused by any unfair business practice alleged; and (3) Plaintiffs have not demonstrated standing to bring a claim for restitutionary disgorgement, which they contend is the only remedy

available under the UCL. (*Id.* at 15–16). Plaintiffs opposed Defendants' motion stating only that "HBOR violations constitute 'unlawful' acts under the UCL." (Doc. 11 at 8). The undersigned agrees in part.

Under the UCL, unfair competition includes any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Therefore, there are three prongs under which a claim may be established under section 17200. *Daro v. Superior Ct.*, Cal. Rptr. 3d 716, 724 (Cal. Ct. App. 2007), *as modified on denial of reh'g* (July 3, 2007) ("Because section 17200 is written in the disjunctive, a business act or practice need only meet one of the three criteria—unlawful, unfair or fraudulent—to be considered unfair competition"); *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 731 (9th Cir. 2007) ("[e]ach prong . . . is a separate and distinct theory of liability"). Further, a claim under section 17200 may rest on a violation of another law. *Farmers Ins. Exch. v. Superior Ct.*, 826 P.2d 730, 734 (Cal. 1992). Under the UCL, an action may be unfair even if it is not unlawful. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 540 (Cal. 1999). Plaintiffs are correct that the allegations alleged in claims one through four can provide the predicate for a violation of the UCL as alleged in count 5. *Jakstis v. Wells Fargo Bank*, No. SACV171437DOCJDEX, 2017 WL 10311214, at *7 (C.D. Cal. Sept. 27, 2017); *Oby v. Clear Recon Corp.*, No. 216CV01008MCECKD, 2017 WL 950449, at *5 (E.D. Cal. Mar. 10, 2017). Because Plaintiffs have sufficiently pleaded a violation of section 2923.5, and because the remedies provided in section 2924.19 are not exclusive, *see* § 2924.19(g), the undersigned finds that Plaintiffs have sufficiently alleged the unlawful prong to establish a UCL violation.

However, as Defendants correctly note, only restitution and injunctive relief are available under the UCL. *See Nguyen v. Lovesac Co.*, No. 2:24-CV-01293-TLN-JDP, 2025 WL 950511, at *7 (E.D. Cal. Mar. 28, 2025); *Cel-Tech*, 20 Cal. 4th at 179; *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 946 (Cal. 2003). Plaintiffs seek declaratory and injunctive relief, as well as damages, not restitution.[9] (*See* Compl. at 17–18). Considering their request for injunctive

_____

[9] Plaintiffs also seek disclosure and inspection of documents, (Compl. at 17), which are discovery requests rather than remedies. *See Rodriguez v. Moore*, No. 218CV1089TLNKJNP, 2018 WL 3203131, at *5 (E.D. Cal. June 28, 2018) ("In the relief section of his complaint, plaintiff requested multiple court orders requiring discovery. Plaintiff is advised that he should not seek discovery through his pleading; rather, once the court finds he states a cognizable civil rights claim, and defendants have filed an answer, the court will issue an order addressing discovery."). Plaintiffs

19

relief, the undersigned notes that, to the extent the complaint can be read as seeking injunctive relief, Plaintiffs' UCL claim would be duplicative of their first claim and the remedy available under section 2924.19(a)(1).  More importantly, Plaintiffs have not plausibly alleged that but for injunctive relief seeking an injunction against continuing prospective irreparable harm, they would suffer irreparable harm.  *See Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907–08 (N.D. Cal. 2021); *eBay, Inc.*, 547 U.S. at 391.

Therefore, the undersigned recommends that Plaintiffs' fifth cause of action for violations of the UCL be dismissed with leave to amend to seek restitution in the form of "the return of money or property that was once in [their] possession" or "money or property in which [they] had a vested interest," *Korea Supply Co.*, 63 P.3d at 947, and / or injunctive relief based on a plausible allegations of irreparable harm, *see Sharma*, 524 F. Supp. 3d at 907–08; *eBay, Inc.*, 547 U.S. at 391.

**F.    Sixth Count--Wrongful Foreclosure**

Plaintiffs next bring their sixth claim for wrongful foreclosure, alleging that "Defendants initiated foreclosure proceedings without complying with statutory requirements, rendering the foreclosure wrongful," and that "Plaintiffs have been harmed by the threat of losing their home and the associated emotional distress."  (Compl. ¶¶ 43–44).  Defendants contend that Plaintiffs claim fails as Plaintiffs have not satisfied the "tender rule," which requires a party pleading a claim for wrongful foreclosure to allege that they first offered or actually paid the loan amount due.  (MTD at 8–9 (citing *Munger v. Moore*, 89 Cal. Rptr. 323, 325 (Cal. Ct. App. Dist. 1970)).  Although the undersigned disagrees with Defendants as to the tender rule, for the reasons set forth below, it will nonetheless recommend dismissal of this claim.  *See Fields*, 2015 WL 7566623, at *3.

Wrongful foreclosure "is an equitable action to set aside a foreclosure sale, or an action for damages resulting from the sale, on the basis that that the foreclosure was improper." *Sciarratta v. U.S. Bank Nat'l Ass'n*, 202 Cal. Rptr. 3d 219, 226 (Cal. App. Ct. 2016).  Courts have the power to vacate a foreclosure sale where there has been "fraud in the procurement of the

should refrain from including a request for discovery in any amended complaint.

20

foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." *Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 633 (Cal. Ct. App. 2011) (quoting *Lo v. Jensen*, 106 Cal. Rptr. 2d 443, 446 (Cal. Ct. App. 2001)). To state a claim for wrongful foreclosure, a plaintiff must plausibly allege: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secure indebtedness or was excused from tendering." *Id.* That last element is known as the "tender rule," which requires a plaintiff to allege "tender of the full amount of the loan" where a plaintiff seeks redress from a foreclosure. *Turner v. Seterus, Inc.*, 238 Cal. Rptr. 3d 528, 536 (Cal. Ct. App. 2018).

Although courts apply the tender rule to claims of wrongful foreclosure where a plaintiff seeks to set aside a sale, "a number of California and federal courts have held or suggested that it does not apply to actions seeking to enjoin a foreclosure sale—at least where the lenders had allegedly not complied with a condition precedent to foreclosure." *Intengan v. BAC Home Loans Servicing LP*, 154 Cal. Rptr. 3d 727, 732 (Cal. App Ct. 2013) (collecting cases). Therefore, insofar as Plaintiffs seek an injunction based on a claim for wrongful foreclosure, which is not clear on the face of the complaint, predicated on the statutory violations alleged in claims one through four, the tender rule would not apply. The undersigned also notes that any such claim would be duplicative of the relief available in section 2924.19 and 2924.12. But more importantly, the undersigned finds that Plaintiffs have failed to allege facts plausibly alleging a risk of irreparable harm sufficient to state a claim for injunctive relief based on a claim for wrongful foreclosure. *See eBay, Inc.*, 547 U.S. at 391. If, alternatively, Plaintiffs seek damages or a remedy other than injunctive relief, a showing of tender can be required. However, courts have held that "[w]hether Plaintiffs are required to tender is a matter of discretion left up to the Court," and that "failure to allege tender is not decisive at [the pleading] stage." *Bingham v. Ocwen Loan Serv., LLC*, No.: 13-CV-4040-LHK, 2014 WL 1494005, at *7–8 (N.D. Cal. Apr. 16, 2014) (quoting *Storm v. Am.'s*

21

*Servicing Co.*, No. 09cv1206-IEG (JMA), 2009 WL 3756629, at *6 (S.D. Cal. Nov. 6, 2009)). Additionally, the tender rule does not apply to the statutory violations predicating Plaintiffs' claim of wrongful foreclosure, *see Santana v. BSI Fin. Servs., Inc.*, 495 F. Supp. 3d 926, 938 (S.D. Cal. 2020)—though the case law is not clear whether this exception to the tender rule is limited to claims seeking relief under those provisions or if it extends to claims of wrongful foreclosure predicated on such violations, *see Travis*, 2023 WL 8113520, at *10 ("a Plaintiff provides no authority to support his general allegation that a defendant's violation of section 2924.9 is itself a decisive equitable exception to the tender rule under a claim for wrongful foreclosure"), *report and recommendation adopted*, No. 1:23-CV-01267-KES-SAB, 2024 WL 3361132 (E.D. Cal. July 8, 2024).

Notwithstanding the foregoing, the undersigned notes that the Court need not resolve the issue of tender. Instead, to state a claim for wrongful foreclosure seeking non-injunctive relief, a plaintiff must allege that a foreclosure sale has occurred.[10] *See Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 339 (9th Cir. 2020) ("But the existing California appellate cases demonstrate that, both before and after *Yvanova*, California appellate courts have dismissed preemptive, pre-foreclosure actions."); *Lobstein v. Wash. Mut. Mortg. Pass-Through Certificates WMALT Series 2007-OC1*, No. 219CV07615SVWJPR, 2020 WL 3964788, at *3 (C.D. Cal. June 8, 2020) ("under present California law, Plaintiff cannot state a claim for wrongful foreclosure

---

[10] While the California Supreme Court has not decisively resolved whether a borrower may maintain pre-sale a wrongful foreclosure claim, *see Shwurong Lee v. Bank of N.Y. Mellon*, No. 16-cv-05094-JST, 2016 WL 8729924, at *6 n.4 (N.D. Cal. Dec. 9, 2016) (noting that the California Supreme Court has "yet to decide whether pre-sale wrongful foreclosure claims are permissible"), the California Court of Appeals and courts in this circuit have consistent held that, excluding claims for injunctive relief, a Plaintiff must allege a sale prior to bringing a claim for wrongful foreclosure. *See Gerard v. Wells Fargo Bank, N.A.*, No. 2:14-CV-1605 GEB DAD, 2015 WL 351926, at *4 (E.D. Cal. Jan. 26, 2015), *report and recommendation adopted*, No. 214CV1605GEBDADPS, 2015 WL 13667589 (E.D. Cal. Mar. 20, 2015) (citing *Rosenfeld v. JPMorgan Chase Bank, N.A.,* 732 F.Supp.2d 952, 961 (N.D. Cal. 2010) (holding that the wrongful foreclosure cause of action is premature where a foreclosure sale did not take place)); *Pugh v. JPMorgan Chase Bank, N.A.*, No. 2:13–cv–1141 MCE DAD, 2013 WL 5739147, at *3 (E.D. Cal. Oct. 22, 2013) ("Plaintiffs do not allege their property has already been foreclosed. Accordingly, Plaintiffs' wrongful foreclosure claim must be dismissed."); *Ramirez v. Kings Mortg. Servs., Inc.*, No. 1:12–cv–1109 AWI SKO, 2012 WL 5464359, at * 6 (E.D. Cal. Nov. 8, 2012) ("Unless the foreclosure sale has already taken place, Plaintiff's claim for wrongful foreclosure is premature even to the extent there are, theoretically, ground upon which the claim could be predicated."); *Pey v. Wachovia Mortg. Corp.*, No. 11–2922 SC, 2011 WL 5573894, at *8 (N.D. Cal. Nov.15, 2011) ("A claim for wrongful foreclosure requires the occurrence of a foreclosure sale."); *Vega v. JPMorgan Chase Bank, N.A.*, 654 F.Supp.2d 1104, 1113 (E.D. Cal. 2009) ("a purported wrongful foreclosure claim is premature given there has been no foreclosure of the property"); *Intengan v. BAC Home Loans Servicing LP*, 154 Cal. Rptr. 3d 727, 732 (Cal. App Ct. 2013).

that challenges Defendant's authority to foreclose absent clear allegations that such a foreclosure has actually occurred"), *aff'd*, No. 20-55998, 2021 WL 5405488 (9th Cir. Nov. 18, 2021). Additionally, California courts have been clear that "mere technical violations of the foreclosure process" do not give rise to a wrongful foreclosure claim. *Miles v. Deutsche Bank Nat'l Tr. Co.*, 186 Cal. Rptr. 3d 625, 636 (Cal. Ct. App. 2015).  Instead, a plaintiff must "show both that there was a failure to comply with the procedural requirements for the foreclosure sale and that the irregularity prejudiced the plaintiff," *Haynish v. Bank of America, N.A.*, 284 F. Supp. 3d 1037, 1050–51 (N.D. Cal. 2018).  There are no such allegations pleaded in the operative complaint.

Because Plaintiffs have not alleged a foreclosure sale has been initiated, let alone taken place, (*see* Compl. ¶¶42–44), or pleaded facts plausibly alleging that any of the statutory violations prejudiced them, the undersigned recommends Plaintiffs' claim for wrongful foreclosure be dismissed with leave to amend (1) to plausibly allege facts demonstrating Plaintiffs would suffer irreparable harm but for injunctive relief, *see eBay, Inc.*, 547 U.S. at 391, or, (2) if Plaintiffs seek a different remedy, allege new facts supporting allegations that a sale has occurred and that Plaintiffs were prejudiced by any alleged procedural irregularity.

**G.      Seventh and Eighth Counts--Declaratory Relief / Injunctive Relief (TRO and Preliminary Injunction)**

As to Plaintiffs' seventh and eighth claims, Plaintiffs seek declaratory and injunctive relief—specifically (1) "a judicial declaration that the foreclosure proceedings are void due to the Defendants' statutory violations," (*id.* ¶ 47), and (2) "a Temporary Restraining Order and Preliminary Injunction to halt the foreclosure sale pending resolution of this action," (*id.* ¶ 49).

Starting with Plaintiffs' request for declaratory relief, Defendants contends that because Plaintiffs seek redress for past harms and not prospective harms, the Court should dismiss Plaintiffs' claim for declaratory relief.  (MTD at 17–18 (citing *Cal. Ins. Guar. Assoc. v. Superior Ct.*, 283 Cal. Rptr. 104, 108 (Cal. Ct. App. 1991)).  The undersigned agrees.

Under 28 U.S.C. § 2201, a court may declare the rights and other legal relations of any interested party seeking such declaration.  Declaratory relief "is designed to resolve uncertainties or disputes that may result in future litigation."  *StreamCast Networks, Inc. v. IBIS LLC*, No. 02-

23

cv-4239-MMM, 2006 WL 5720345, at *3 (C.D. Cal. May 2, 2006).  The decision to grant declaratory relief is discretionary.  *United States v. Washington*, 759 F.2d 1353, 1356 (9th Cir. 1985) (en banc).  Declaratory relief operates prospectively, is not intended to redress past wrongs, and "should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *Id.* at 1356–57; *see also Valley Cmty. Bank v. Progressive Cas. Ins. Co.*, 854 F. Supp. 2d 697, 712 (N.D. Cal. 2012) ("[W]here the 'complaint seeking declaratory and incidental monetary relief shows that declaratory relief is not necessary or proper at the time under all the circumstances, the complaint is in truth merely one for the consequential relief of damages.'") (quoting *Cardellini v. Casey*, 226 Cal. Rptr. 659, 662 (Cal. Ct. App. 1986))  "The purpose of a judicial declaration of rights . . .  is to enable parties to shape their conduct so as to avoid a breach . . . . '[I]n short, the remedy is to be used in the interests of preventative justice, to declare rights rather than execute them.'"  *Babb v. Superior Ct.*, 479 P.2d 379, 383 (Cal. 1971) (quoting *Travers v. Louden*, 62 Cal. Rptr. 654, 658 (Cal. Ct. App. 1967)).

Plaintiffs' claim for declaratory relief is entirely duplicative of their claims for statutory violations because a determination on the merits of their first through fourth claims would provide the relief Plaintiffs seek and would necessarily result in a merits decision as to whether Defendants violated the relevant statutes.  *See Gilbert v. Clear Recon Corp.*, No. 2:24-CV-02308-DAD-CKD (PS), 2024 WL 4382754, at *3 (E.D. Cal. Oct. 3, 2024) ("declaratory relief is not an independent cause of action"); *Pogosyan v. U.S. Bank Tr. Nat'l Ass'n*, No. CV1507085ABRAOX, 2015 WL 12696188, at *6 (C.D. Cal. Oct. 22, 2015) ("Plaintiff's claim for declaratory relief duplicates the allegations in her other claims and is therefore superfluous.  Plaintiff is entitled to the possibility of declaratory relief by virtue of her surviving other claims."); *Vang Chanthavong v. Aurora Loan Servs., Inc.*, 448 B.R. 789, 803 (E.D. Cal. 2011) ("Therefore, Plaintiff's declaratory relief claim is dismissed since it is duplicative of the relief sought in Plaintiff's violation of statute claim."). Therefore, the undersigned recommends dismissal of Plaintiffs' claim for declaratory relief.

Turning to Plaintiffs' request for a temporary restraining order and preliminary injunction, any such order and injunction would be premature as there has been no allegation that a foreclosure

24

sale has taken place or that any such scale has even been scheduled. *Loar*, No. 2012 WL 2135351, at *3. Additionally, "[i]njunctive relief is not an independent cause of action but a remedy." *Saloojas, Inc. v. United Healthcare Ins. Co.*, No. C 22-03536 WHA, 2023 WL 7393016, at *4 (N.D. Cal. Nov. 8, 2023) (citing *Mishiyev v. Alphabet, Inc.*, 444 F. Supp. 3d 1154, 1161 (N.D. Cal. 2020), *aff'd*, 857 F. App'x 907 (9th Cir. 2021)). Therefore, the undersigned recommends dismissal of Plaintiffs claim of injunctive relief.

Accordingly, because (1) Plaintiffs cannot bring independent claims for declaratory or injunctive relief, (2) declaratory relief is not an appropriate remedy for Plaintiffs' statutory violations, and (3) a request for a preliminary injunction is not appropriately brought as a "claim," the undersigned recommends Plaintiffs' separate claims declaratory and injunctive relief be dismissed without leave to amend because granting of leave to amend would be futile.[11] *See DeSoto*, 957 F.2d at 658.

**H.     Ninth Count--Breach of Contract (Insurance Coverage)**

Plaintiffs next bring their ninth claim against Defendants for "Breach of Contract." (Compl. ¶¶ 51–56). Defendants contend that they are not the proper defendants against whom to bring this claim. (MTD at 20–21). The undersigned agrees. To have Article III standing to bring a case, a plaintiff must have suffered an actual injury and that injury "has to be fairly traceable to the challenged action of the defendant." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation modified). As to this claim, Plaintiffs allege injuries based on actions taken by the insurer of their home rather than actions taken by Defendants, who are mortgage servicers and lenders. (*See* Compl. ¶¶ 51–56). Accordingly, the undersigned finds Plaintiffs have not stated a claim for breach of contract. Moreover, Plaintiffs do not oppose Defendants' motion to dismiss as to this claim, which is again an independent ground to grant the motion as to this claim. *See* (Doc. 11); *Lacondeguy v. Adapa*, No. 2:10-CV-1917-JAM-KJM, 2011 WL 9572, at *4 (E.D. Cal. Jan. 3, 2011).

---

[11] This recommendation is without prejudice to Plaintiffs' bringing a motion for a preliminary injunction, in which Plaintiffs would be required to show that "(1) [they are] likely to succeed on the merits of his claim, (2) [they are] likely to suffer irreparable harm absent the preliminary injunction, (3) the balance of equities tips in [their] favor, and (4) a preliminary injunction is in the public interest." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

Because any injury alleged is not fairly traceable to Defendants and Plaintiffs have no standing to bring this claim against these Defendants, combined with Plaintiffs' non-opposition, the undersigned recommends that this claim be dismissed without leave to amend because failure to amend would be futile, *see DeSoto*, 957 F.2d at 658.

**I.      Tenth Count--Breach of Good Faith and Fair Dealing**

Plaintiffs next bring their tenth claim for breach of good faith and fair dealing, in support of which Plaintiffs allege "the insurance policy included an implied covenant of good faith and fair dealing" and that "[t]he insurer's denial of Plaintiffs' claim without proper investigation breached this contract." (Compl. ¶¶ 57–58). Defendants contend that this claim should be dismissed because Plaintiffs do not allege that Defendants are an insurer or that they interfered with any insurance contract. (MTD at 22). The undersigned again agrees. Moreover, Plaintiffs do not oppose Defendants' motion to dismiss as to this claim, which is again an independent ground to grant the motion as to this claim. *See* (Doc. 11); *Lacondeguy v. Adapa*, No. 2:10-CV-1917-JAM-KJM, 2011 WL 9572, at *4 (E.D. Cal. Jan. 3, 2011).

For the same reasons the undersigned recommends dismissing Plaintiffs' claim for breach of contract, the undersigned recommends dismissing this claim without leave to amend, as any amendment would be futile, *see DeSoto*, 957 F.2d at 658.

**J.      Eleventh Count--Negligence**

Plaintiffs' eleventh claim is for negligence. (Compl. ¶¶ 61–63). Plaintiffs allege that "Defendants owed Plaintiffs a duty of care in servicing the mortgage and handling the foreclosure process," that Defendants "breached this duty by failing to comply with statutory requirements and by proceeding with foreclosure without proper documentation," and as a result, "Plaintiffs suffered damage." (*Id.*). Defendants contend that they did not owe a duty to Plaintiffs and therefore, this claim must be dismissed. (MTD at 22–23). The undersigned agrees with Defendants.

A negligence claim has four elements: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the duty, and (3) the breach proximately or legally caused (4) the plaintiff's damages or injuries." *Thomas v. Stenberg*, 142 Cal. Rptr. 3d 24, 29 (Cal. Ct. App.

26

2012).  Under the economic loss doctrine, "[i]n general, there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage," when parties are in contractual privity.  *Sheen v. Wells Fargo Bank, N.A.*, 505 P.3d 625, 632 (Cal. 2022) (citation omitted).  "[I]n the lender-borrower context," the "general rule" is that a "financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  *Id.* at 636 (citation omitted).  Thus, "when a borrower requests a loan modification, a lender owes no tort duty sounding in general negligence principles to 'process, review and respond carefully and completely to' the borrower's application."  *Id.*  Here, because Plaintiffs' claim is based on a theory disallowed under the rules governing tort claims for negligence, the undersigned finds Plaintiffs have not stated a claim as a matter of law.  Additionally, Plaintiffs do not oppose Defendants' motion to dismiss as to this claim, which is again an independent ground to grant the motion as to this claim.  *See* (Doc. 11); *Lacondeguy v. Adapa*, No. 2:10-CV-1917-JAM-KJM, 2011 WL 9572, at *4 (E.D. Cal. Jan. 3, 2011).

Because Plaintiffs and Defendants are in contractual privity, the negligence claim arises from their lender-borrower relationship, and Plaintiffs do not oppose Defendants' motion to dismiss as to this claim, the undersigned recommends this claim be dismissed without leave to amend for failure to state a claim as a matter of law.  *See Lawrence*, No. 2024 WL 4093227, at *5; *Lacondeguy*, 2011 WL 9572, at *4.

**K.     Twelfth Count--Fraudulent Misrepresentation**

As to their twelfth and final claim for fraudulent misrepresentation, Plaintiffs allege that "Defendants misrepresented their compliance with statutory requirements and the accuracy of foreclosure documents."  (Compl. ¶¶ 65–66).  Defendants contend that Plaintiffs' claim is improperly conclusory and fails the heightened pleading requirements to bring a claim of fraud.  (MTD at 23–24).  The undersigned agrees.

A claim of fraud "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  To plead fraud with the particularity required by Rule 9(b), a complaint "must identify the who, what, when, where, and how of the misconduct charged, as well as what is false

27

or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (citation omitted). When a defendant is an entity, a complaint generally must also identify the person who made the false representations on behalf of the entity. *See White v. J.P. Morgan Chase, Inc.*, 167 F.Supp.3d 1108, 1115 (E.D. Cal. 2016).

The elements of a fraudulent misrepresentation claim are (1) "the defendant represented to the plaintiff that an important fact was true;" (2) "that representation was false;" (3) "the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth;" (4) "the defendant intended that the plaintiff rely on the representation;" (5) "the plaintiff reasonably relied on the representation;" (6) "the plaintiff was harmed;" and (7) "the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff." *Broge v. ALN Int'l, Inc.*, 2018 WL 2197524, at \*4 (N.D. Cal. May 14, 2018) (citing *Graham v. Bank of Am., N.A.*, 172 Cal. Rptr. 3d 218, 228 (Cal. Ct. App. 2014)).

Here, Plaintiffs fail to state a claim for fraudulent misrepresentation as their only allegations are conclusory. Plaintiffs have not sufficiently alleged that Defendants made a false representation that an important fact was true, that Defendants knew about the misrepresentation, or that Defendants intended for Plaintiffs to rely on the misrepresentation. *See Broge*, 2018 WL 2197524, at \*4. Further, Plaintiffs have not alleged who made the false statements or provided details about the false statements. Moreover, Plaintiffs do not oppose Defendants' motion to dismiss as to this claim, which is again an independent ground to grant Defendants' motion to dismiss as to this claim. *See* (Doc. 11); *Lacondeguy*, 2011 WL 9572, at \*4.

Accordingly, the undersigned finds that Plaintiffs have failed to state a fraudulent misrepresentation claim, and that this claim should be dismissed with leave to amend to include additional factual allegations that sufficiently allege the elements of fraudulent misrepresentation in compliance with Rule 9. *See id.*

28

## IV.   CONCLUSION

For the foregoing reasons, the undersign RECOMMENDS that Defendants' Request for Judicial Notice, (Doc. 4), be GRANTED and that Defendants' Motion to Dismiss, (Doc. 3), be GRANTED with limited leave to amend as described in detail above as to counts one, two, three, four, five, six, and twelve, but not as to counts seven, eight, nine, ten, and eleven.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **January 16, 2026**                    /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE

29